**HOTELS STATLER CO., Inc. et al. v. DISTRICT OF COLUMBIA.**

Nos. 11188, 11189 and 11190.

United States Court of Appeals District of Columbia Circuit.

Argued March 19, 1952.

Decided July 3, 1952.

C. Roger Nelson, Washington, D. C., with whom Ganson Purcell and Courts Oulahan, Washington, D. C., were on the brief, for petitioner.

Harry L. Walker, Assistant Corporation Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D. C., were on the brief, for respondent.

Before CLARK, PRETTYMAN and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are three petitions to review decisions of the Board of Tax Appeals for the District of Columbia. They concern sales taxes and use taxes under a local statute.[1]

The petitioner operates a hotel in the District of Columbia. It furnishes transient guests with rooms and meals. It also supplies glassware, chinaware, silverware, table linen, room service tables, upholstery leather, stationery, pen points, toothpicks, soap, toilet tissue, bed linen, towels, glass tumblers, clothes hangers, dresser trays, ashtrays, lamps and lamp shades, light bulbs, window draperies, and carpeting.

The statute imposes an excise tax upon the privilege of selling at retail certain tangible personal property and certain selected services.[2] It enumerates a series of transactions to be included in the terms "retail sale" and "sale at retail". Among those enumerated are:

"(1) The sale for consumption of any meals, food or drink, or other tangible personal property for a consideration, at any restaurant, hotel, drug store, club, resort, or other place at which meals, food, drink, or other tangible personal property are sold.

\* \* \* \* \* \*

1. District of Columbia Revenue Act of 1949, 63 Stat. 112 et seq.

2. Sec. 125 of the Act, 63 Stat. 115.

"(3) The sale or charges for any room or rooms, lodgings, or accommodations furnished to transients by any hotel, inn, tourist camp, tourist cabin, or any other place in which rooms, lodgings, or accommodations are regularly furnished to transients for a consideration." [3]

The statute defines "sale" and "selling" to include not only transactions whereby title is transferred but also transactions by which possession of tangible personal property is transferred for a compensation, and transactions whereby certain services are rendered for a consideration.[4] So the sale of meals and the charges for rooms are subject to the tax.

The statute exempts from the tax sales "in which the purpose of the purchaser is to resell the property so transferred in the form in which the same is, or is to be, received by him, or to use or incorporate the property so transferred as a material or part of other tangible personal property to be produced for sale by manufacturing, assembling, processing, or refining." [5]

The sales tax applies to sales within the District of Columbia. The statute also imposes a "Compensating-Use Tax" [6] upon the use of tangible personal property and services sold or purchased at retail sale, excepting sales subject to or exempt from the sales tax.[7] These sections contain the same definitions and the same exceptions as do the sections relating to the sales tax. The scheme of the statute is thus the familiar one of a retail sales tax upon sales within the jurisdiction and a corresponding use tax upon property purchased outside but used within the jurisdiction. The general object of the limitations in the statute is that only the "end" transaction and not the "intermediate" transactions shall be taxed; i. e., that taxes on transactions involving a given article, without change in form, or service shall not be pyramided.

Petitioner purchases the goods listed above either within or without the District but uses them in connection with its sales of meals and rooms within the District. It pays a sales tax on these latter sales. The question is whether the use of the listed property in these taxable transactions is such as to make the transactions whereby the hotel acquired these goods exempt from tax. Perhaps an illustration will clarify the question. Suppose the hotel buys sheets, towels, soap, etc., in Baltimore. It puts these goods in rooms and charges transient guests for the rooms thus furnished. Must it pay a use tax upon the prices it paid for these goods?

Petitioner says that its purpose in purchasing these listed goods is to resell them —that is, to transfer possession of them— in the same form in which they are received, or that these goods are incorporated as a part of other property, to wit, a room or a meal, produced for sale by assembling. Concretely, its contention is that it sells an assembled package consisting of room, linen, towels, soap, etc., or of food, china, glass, toothpicks, etc. It says that the listed goods were acquired by it for this assembly and resale. Hence it says, under the exemption quoted above from Section 114(a) of the statute, its purchases are not subject to either sales or use taxes.

Petitioner's position should be clearly understood. The hotel does not say—indeed it denies that it contends—that the several items of listed property are, separately, accommodations regularly furnished to transients within the meaning of the tax statute. It denies, for example, that to furnish a towel to a transient for a price is within the taxing terms of the statute. It does not say that when it rents a room with towels it is selling a room and also selling another accommodation (the towels) for which it also makes a charge. It says that the terms of paragraph 6 of Section 114(a) [8] apply

---

3. Sec. 114(a) of the Act, 63 Stat. 113.

4. Sec. 117 of the Act, 63 Stat. 114.

5. Supra note 3.

6. Sec. 201 et seq., 63 Stat. 124.

7. Sec. 212, 63 Stat. 126; Sec. 216, 63 Stat. 127.

8. "(6) The grant of the right to continuous possession or use of any article of tangible personal property granted under a lease or contract if such grant of possession would be taxable if outright sale were made; in such event such lease or contract shall be considered the

to every other numbered paragraph in the section, and that therefore the only transfer of possession (excepting the use of a room) which constitutes a statutory sale is a transfer of continuous possession, as that term is defined in Regulation 202(e) promulgated by the Commissioners of the District of Columbia.[9] Thus the hotel's position is not upon the concept of a simultaneous furnishing of several different accommodations, each separate "sale" of an item being taxable. Its contentions are based upon the premise that the listed goods become part of the room or meal and are sold as part of those units. It says, for example, that the use of the china is part of the meal, not that the china is in and of itself an accommodation furnished for a price. Precisely, petitioner's statement is: "Articles which are a part of something which is sold at retail, such as a room or meal, are sold at retail no less than the whole of which they are a part." Upon the foregoing premise, that the listed goods become part of a meal or a room which is furnished transients, petitioner contends that the "sales" of the listed goods come within both of the clauses of the exemption quoted above. It says (1) that they are resold, as part of a room or meal, in the form in which they are received by the hotel, and (2) that they are incorporated as part of other property, a room or a meal, produced for sale by assembling.

The District of Columbia says that these goods are merely used by the hotel in the conduct of its business, in the same manner as it uses tables and beds; or in the same manner as a shoe salesman uses chairs, footstools and mirrors in the business of selling shoes. It says that the sale, under the statutory provision, is of the room or the meal, and that the listed goods are not "sold" as part of that transaction. The position of the District is supported in part by the reasoning of the Supreme Court of Illinois in Theo. B. Robertson Products Co. v. Nudelman.[10]

Upon the issues thus presented to us, we agree with the District of Columbia and thus with the conclusions and decisions of the Board of Tax Appeals. Clearly the china, glass, silver, table linen, etc., are not parts of the meal sold the guest but are accessory utensils used by the hotel in making the sales of its meals. Less clearly, perhaps, but nevertheless correctly we think, bed linen, towels, tumblers, light bulbs, draperies and carpets do not become parts of the room but are properties used by the hotel in furthering the sales of its rooms. No separate contentions are made as to soap, toothpicks, stationery and similar articles actually consumed by guests. We assume that they are de minimis.

The view we have expressed makes it unnecessary that we consider the other points presented.

The decisions of the Board of Tax Appeals are affirmed.

sale of such article and the tax shall be computed and paid by the vendor upon the rentals paid."

9. This regulation provides, in pertinent part, as follows: "In the following cases amounts received by way of rentals shall be subject to tax: (1) Where the type of personal property involved can not be purchased outright or (2) where possession remains or is intended to remain in one lessee for a period extensive enough to result in a substantial consumption of the property or for such period as would result in a substantial reduction in the useful life of the property unless the property is repaired, renewed, or rebuilt."

10. 1945, 389 Ill. 281, 59 N.E.2d 655, 157 A.L.R. 553.