KENTUCKY BOARD OF TAX APPEALS et al., Appellants,

v.

BROWN HOTEL COMPANY, Appellee.

Court of Appeals of Kentucky.

June 6, 1975.

William S. Riley, William P. Sturm, Dept. of Revenue, Frankfort, for appellants.

Charles F. Wood, Wood, Pedley, Stansbury, Rice & Warner, Louisville, for appellee.

CATINNA, Commissioner.

The Jefferson Circuit Court, Chancery Branch, Fourth Division, entered a judgment reversing that part of an order of the Kentucky Board of Tax Appeals upholding the Department of Revenue's assessment against the Brown Hotel of use taxes in the amount of $31,512.57 (exclusive of interest) on items of tangible personal property, consisting of glassware, linens, silverware, and similar items used in connection with the rooms and restaurant of the hotel, it being adjudged that no use tax was due on such items. The trial court affirmed that part of the order of the Board assessing use taxes in the amount of $6,929.81 (exclusive of interest) upon food used by the Brown Hotel to furnish meals to its employees. The trial court ordered that interest should begin to accrue as of March 18, 1966, on any amount due the Commonwealth. The Board appeals from that part of the judgment which reversed its order upholding the levy of a use tax on the tangible personal property used by the hotel and established the date from which interest should accrue on any amount due the Commonwealth.

Between July 1, 1960, and June 30, 1963, the period of an audit made by the Department of Revenue, the Brown Hotel purchased numerous items of personal property such as glassware, linens, silverware, table linens, bed linens, towels, tumblers, and draperies for use in connection with the renting of rooms and the selling of meals in its Louisville hotel. The Brown Hotel Company gave the seller from whom it purchased these items a "resale certificate," thereby avoiding payment of the sales tax levied by the Commonwealth. The hotel, in brief, maintains that the purchase of this property was for "resale" to hotel guests who rented its rooms and ate its meals, as the Kentucky sales tax was charged and collected on the total price of each room rented and meal sold. The hotel would have this court believe that it is not the ultimate user of the tangible personal property purchased, but rather that it was acquired for "resale" to customers of the hotel and, therefore, a person who rents a room is the buyer and ultimate "user" of the bed linens, towels, draperies, carpets, etc., in the room. Consequently, the hotel was not required to pay the sales tax or use tax, as it was paid by each guest who paid a sales tax on the total amount charged for a room.

It is likewise argued, but not so vehemently, that if a guest bought a meal at the hotel he became a purchaser and the ultimate user of the dishes, glasses, and silverware necessary for the consumption of the meal purchased. Reverting to the question of the charges for the room, the hotel argues:

"It makes no difference whether the guest thought he 'purchased' the tangible property in question because when he paid his consideration for the room the guest acquired the right to use the property which was located therein, and we have been unable to see how a guest

could rent a room unless he wanted to sleep on the bed, use the glassware from which to drink, or avail himself of towels and a washcloth to cleanse his body."

Neither can this court visualize a hotel which would have the ability or the salesmanship to rent a totally bare room to a prospective guest. Of course, if the guest were carrying a sleeping bag, he might survive. In seeking to refute the contention of the Commonwealth that the hotel, and not the guest, is the ultimate consumer of the property in question, it is argued:

"For example, the hotel guest, in consideration of his room fare, acquires the sole and exclusive right to benefit from the accommodations furnished him. To be more explicit, no person other than the guest himself has the right to use or consume the items of personal tangible property which are located in his room. The guest's exclusive right of possession and occupancy is good against the whole world including, in particular, the hotel's employees, other business invitees of the hotel, and members of the general public."

The hotel asserts that:

"Bed linens, beds, equipment, and glassware are 'sold' by the hotel in its ordinary course of business because they are a part and parcel of the accommodations the hotel furnishes the guests under KRS 139.100(2)(a)."

The magic word seems to be "accommodation," and the best we can determine it is the view of the hotel that accommodations include everything in a room except the four walls or everything necessary for the serving of a meal except the prepared food, the rationale being that the furnishing of an "accommodation" entails a "sale" of all of the tangible personal property required for the use or enjoyment of the room or the meal. We can hardly refrain from remarking that if this train of thought and logic were followed to its absolutely illogical conclusion, a guest who rents a room in a hotel would become the owner and possessor of the furnishings in the room and apparently would have the right to haul them away in a wheelbarrow when he vacates the room. Likewise, a guest in a dining room, after the completion of the meal purchased, would have the right to take the dishes, silverware, and glassware used by him in consuming the meal. Of course, this cannot be the ultimate result of the hotel's defense, for it would be at absolute cross purposes with the diligence used by any hotel in prosecuting guests who have a tendency to check out with a suitcase full of glassware, towels, bed linens, and occasionally a television set. The absurdity of the situation presents the old common-sense solution to the question being considered.

The Commonwealth directs this court's attention to the fact that when one rents a room there is a single all-embracing charge. The hotel does not submit an itemized statement which shows that a guest has been "sold" an interest in each and every item of tangible personal property located in the room. In fact, this personal property is "used" by the hotel in the conduct of its business to make a room livable and rentable. The furnishing of this tangible personal property is a basic prerequisite to the operation of any hotel. Although the guest may be an incidental beneficiary, the prime recipient of any benefits arising from its use is the hotel.

Brown Hotel does not argue that it is in the business of selling individual items of personal property but rather holds itself out as being in the business of renting rooms and selling meals. Items of tangible personal property are part of the equipment of the hotel and are incidental to the hotel's operation.

Chapter 139 of the Kentucky Revised Statutes, Sales and Use Taxes, provides the legal foundation of the hotel's liability. KRS 139.100 provides in part as follows:

"(1) 'Retail sale' or 'sale at retail' means:

(a) 1. A sale for any purpose other than resale in the regular course of business of tangible personal property, or

2. The furnishing of the facilities and services mentioned in subsection (2) of this section;

(b) The delivery in this state of tangible personal property by an owner or former owner thereof or by a factor, or agent of such owner, former owner or factor, if the delivery is to a consumer or person for redelivery to a consumer pursuant to a retail sale made by a retailer not engaged in business in this state. The person making the delivery shall include the retail selling price of the property in his gross receipts.

(2) 'Retail sale' or 'sale at retail' shall include but shall not be limited to the following:

(a) The rental of any room or rooms, lodgings, or accommodations furnished by any hotel, motel, inn, tourist camp, tourist cabin, or any other place in which rooms, lodgings, or accommodations are regularly furnished to transients for a consideration. The tax shall not apply, however, to rooms, lodgings, or accommodations supplied for a continuous period of ninety (90) days or more to an individual;"

KRS 139.120 provides:

"(1) 'Sale' means, the furnishing of any services and facilities included in KRS 139.100 or, any transfer of title or possession, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration, * * * ."

* * * * * *

"(2) 'Transfer of possession,' 'lease' or 'rental' includes only transactions found by the department to be in lieu of a transfer of title, exchange or barter."

KRS 139.190 provides:

" 'Use' includes the exercise of any right or power over tangible personal property incident to the ownership of that property, or by any transaction in which possession is given, except that it does not include the sale of that property in the regular course of business."

The clear intent of KRS 139.100 is the levy of a sales tax on gross income received from the sale of meals and that realized from the rental of rooms, lodging, or accommodations furnished by a hotel. A "sale" is also defined by KRS 139.120 as meaning any transfer of title or possession of tangible personal property. However, the transfer of possession is defined as being a transaction entered into in lieu of a transfer of title. The Brown Hotel cannot argue that there is ever a transfer of title to a guest or customer of any of the tangible personal property of the type in controversy. In an effort to avoid the "transfer-of-title" requirement, the hotel argues at length the proposition that the guest is the "ultimate user" or sole possessor of the items located in the hotel room. In many instances an "ultimate user" is not the purchaser of, nor does he acquire title to, the property used by him. Likewise, a "sole possessor" does not acquire title to the tangible personal property over which he may exercise momentary dominion. The fact that a guest is at the best a part-time ultimate user or sole possessor will not convert the transaction into a "resale" of tangible personal property to the guest who rents a room or purchases a meal.

A hotel, of course, is not a regular vendor to the consuming public of linens, dishes, glasses, silverware, etc., but rather deals almost exclusively in services. The capability of rendering the required services is dependent upon the possession and use of numerous items of tangible personal property such as glassware, silverware, linens, etc.

Although we have not been directly confronted with the question presented by the hotel, a number of other jurisdictions have considered this question and held that the hotel is the ultimate consumer and user of the tangible personal property, even though the guests paid sales tax on the room-rental charge and the price of the meal. Hotels

Statler Company v. District of Columbia, 91 U.S.App.D.C. 122, 199 F.2d 172 (1952); Atlanta Americana Motor Hotel Corp. v. Undercofler, 222 Ga. 295, 149 S.E.2d 691 (1966); Theo B. Robertson Products Co. v. Nudelman, 389 Ill. 281, 59 N.E.2d 655 (1945); American Air Lines, Inc. v. Department of Revenue, 58 Ill.2d 251, 319 N.E.2d 28 (1974).

■ The final question presented on this appeal concerns the date that interest begins to run on any amount due the Commonwealth. The trial court relied upon KRS 131.110 in holding that the interest began to run on March 18, 1966, this being thirty days after the date of the notice of the decision of the Board of Tax Appeals in this proceeding. KRS 131.110 may be characterized as a general statute delineating the rights and obligations of parties in the numerous proceedings before the Board of Tax Appeals involving any one of a number of taxes levied by the Commonwealth. KRS Chapter 139 concerns itself solely with the levy and collection of sales and use taxes, and we are of the opinion that those sections in this chapter concerning the due date of taxes and the penalty and interest to be levied are exclusive and controlling in all matters involving sales and use taxes.

KRS 139.540 provides: "The taxes imposed by this chapter are due and payable to the department monthly and shall be remitted on or before the 20th day of the next succeeding calendar month."

KRS 139.550 requires that a return of taxes due for the preceding month be filed on or before the 20th day of the month following the calendar month, and KRS 139.580 requires that taxes due shall be remitted at the time of the filing of the return. Finally, KRS 139.650 requires: "In every case, any tax not paid on or before the due date shall bear interest at the rate of six per cent (6%) per annum from the date due until the date of payment."

This court is of the opinion that in view of the provisions of Chapter 139 of the Kentucky Revised Statutes, interest accrued on all amounts due and owing from the Brown Hotel from the due date as determined by KRS 139.540.

So much of the judgment as upholds the order of the Board of Tax Appeals levying a sales tax upon food used to furnish meals to hotel employees is hereby affirmed, but in all other aspects the judgment is reversed for proceedings consistent with this opinion.

All concur.