**INVESTMENT HOTEL PROPERTIES, LTD., Plaintiff–Appellant,**

v.

**The CITY OF COLORADO SPRINGS, J.H.B. Wilson, Director of Finance for the City of Colorado Springs, Defendants–Appellees.**

No. 88CA0304.

Colorado Court of Appeals, Div. II.

May 4, 1989.

Rehearing Denied June 6, 1989.

Certiorari Granted Oct. 16, 1989.

Holme Roberts & Owens, Richard R. Young, Brent E. Rychener, Colorado Springs, for plaintiff-appellant.

James G. Colvin II, City Atty., M. Allen Ziegler, Jr., Chief Corporate Atty., Robert J. Mack, Corporate Atty., Colorado Springs, for defendants-appellees.

Opinion by Judge SMITH.

In this C.R.C.P. 106(a)(4) proceeding, plaintiff Investment Hotel Properties, Ltd. (Hotel), appeals the trial court's judgment affirming the denial of its claim for a sales tax refund. We reverse.

Under Colorado Springs City Code 7–2–313, a sales tax is imposed upon the purchase price paid for tangible personal property. Colorado Springs City Code 7–2–311 further imposes a tax upon the rental of rooms and accommodations.

"The sales or use tax is imposed on the entire price paid or charged on the *transaction of furnishing rooms or other accommodations* to any person who for a consideration uses, possesses or has the right to use or possess, any room or rooms in any hotel ... under any concession, permit right or access, license to use or other agreement, or otherwise." (emphasis added)

The Hotel purchased a hotel in Colorado Springs in 1984. The purchase included the tangible personal property in the guest rooms and common areas. The City of Colorado Springs (City) imposed a sales and use tax on the Hotel's purchase of the personal property. Additionally, the City imposes a rent tax each time a hotel room is rented. The Hotel filed a claim for refund of the sales and use tax paid which claim was denied by the City.

The Hotel then appealed the City's denial to the district court. The district court affirmed, finding that the Hotel was not exempt from taxation for sales and use tax under the wholesale purchase exemption because, although the hotel guests used the property, it was not a resale of the property.

■ The Hotel first contends that its purchase of items used to furnish its guest rooms is exempt from tax under the manufacturing exemption contained in the city code. We disagree.

The manufacturing exemption provides that:

"The purchase price paid or charged on the sales to and purchases of tangible personal property by a person engaged in manufacturing or compounding for use, profit or sale, shall be deemed a wholesale sale when it meets all of the following conditions:

A. It is transformed in fact by the process of manufacture;

B. Becomes by the manufacturing processes a necessary and recognized ingredient, component and constituent part of the finished product; and

C. Its physical presence in the finished product is essential to the use thereof in the hands of the ultimate consumer."

Colorado Springs City Code 7–2–421.

We agree with the trial court that the manufacturing exemption is not applicable because there is no physical transformation pursuant to manufacturing or compounding. *See Western Electric Co. v. Weed,* 185 Colo. 340, 524 P.2d 1369 (1974).

■ The Hotel next contends that the trial court erred in determining that a purchase of tangible personal property to be used exclusively in a hotel's guest rooms is not a wholesale purchase exempt from taxation. We agree with the Hotel that under the wholesale sales provision of the Colorado Springs City Code, the purchases of tangible personal property to be used in the hotel's guest rooms are not subject to tax because such purchases are for taxable resale to the guests.

An exemption from sales tax is provided in the Colorado Springs City Code 7–2–442:

"The sale by wholesalers or retailers to a licensed retailer, jobber, dealer or other wholesaler for purposes of taxable resale, and not for the retailer's, jobber's, dealer's or wholesaler's own consumption, use, storage or distribution, shall be deemed to be wholesale sales and exempt from taxation."

The question then becomes whether the room rental is a taxable sale. Under Colo-

rado Springs City Code 7–2–104, a retail sale is defined as:

"Any sale, purchase, lease, rental or grant of license to use tangible personal property, or taxable services within the City except a wholesale sale or purchase for taxable resale."

We conclude that, under the above provisions of the Colorado Springs City Code, the Hotel's rental of its guest rooms constitutes a resale of its tangible personal property. The sales tax is imposed on the rental of the Hotel's rooms, and therefore, the original purchase must be exempt from tax under the wholesale exemption provision.

If, as here, the facts are not disputed, but the law was erroneously applied to the facts, then the judgment rendered on such facts will not be upheld on review. *Maloney v. Denver*, 35 Colo.App. 167, 530 P.2d 1004 (1974).

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

DUBOFSKY and SILVERSTEIN *, JJ., concur.