The CITY OF COLORADO SPRINGS; J.H.B. Wilson, Director of Finance for the City of Colorado Springs, Petitioners,

v.

INVESTMENT HOTEL PROPERTIES, LTD., Respondent.

No. 89SC361.

Supreme Court of Colorado, En Banc.

Feb. 25, 1991.

Rehearing Denied March 18, 1991.

James G. Colvin, II, City Atty., Walter S. Rouse, Asst. City Atty., M. Allen Ziegler, Jr., Chief Corporate Atty., Colorado Springs, for petitioners.

Holme Roberts & Owen, R. Bruce Johnson, Brent E. Rychener, Colorado Springs, for respondent.

Geoffrey T. Wilson, Denver, for amicus curiae, Colorado Mun. League.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for amicus curiae, Dept. of Revenue, State of Colo.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *Investment Hotel Properties, Ltd. v. City of Colorado Springs*, 781 P.2d 113 (Colo.App.1989), the Court of Appeals held that purchase of certain items of tangible personal property by respondent Investment Hotel Properties, Ltd. (Investment Ltd.) were wholesale purchases for taxable resale as defined by the Code of the City of Colorado Springs, as amended (the Code), and thus not subject to the imposition of use taxes by petitioners the City of Colorado Springs (the City) and the City Director of Finance (the Director). We granted petitioners' request for certiorari review of the Court of Appeals judgment. We reverse.

## I

The parties have stipulated to the following pertinent facts. In December of 1984, Investment Ltd. purchased the Clarion Hotel in Colorado Springs, Colorado, from Denver S.I. Company (Denver Co.). The purchase included the transfer of certain items of tangible personal property (hotel property) from Denver Co. to Investment Ltd. A portion of the hotel property was located and used exclusively in private guest rooms of the hotel.[1] The rest of the hotel property was located and used in common areas of the hotel.[2]

On February 7, 1986, the City assessed a use tax against Investment Ltd. on the purchase price of the hotel property. After agreeing to pay the assessed tax by installments, Investment Ltd. filed a timely protest with the City Revenue Board and requested a hearing, pursuant to Code section 7–2–903:A (1968 rev. 1976).

At an informal hearing conducted by the City Controller on July 10, 1986, Investment Ltd. requested a refund of use taxes paid insofar as the taxes had been assessed on the purchase of certain items of hotel property used exclusively in the guest rooms of the hotel. It argued that the purchase was not subject to taxation because it was a wholesale purchase "for purposes of taxable resale" as described in Code section 7–2–442 (1968 rev. 1976). Alternatively, it argued that the purchase was exempt from the imposition of use taxes pursuant to the manufacturing exemption contained in Code section 7–2–421 (1968 rev. 1975). The Controller concluded that the rental of guest rooms did not qualify as a "resale" of the hotel property contained therein for purposes of the Code. The Controller also rejected Investment Ltd.'s argument that the purchase was exempt from taxation under the manufacturing exemption contained in the Code.[3]

In December of 1986, Investment Ltd. was granted a formal hearing by the City's

---

1. The parties' stipulation reflects that this property included: furniture and fixtures, televisions, carpets, drapes and operating stock. The stipulation does not contain a definition of "operating stock."

2. The parties' stipulation reflects that this property was located in the lobby, kitchen, restaurant and other common areas of the hotel, and included: furniture and fixtures, machinery and equipment, transportation equipment, carpets and drapes, and operating stock. The stipulation does not contain definitions of "operating stock" or "machinery and equipment."

3. The Court of Appeals also concluded that the purchase was not exempt from taxation pursuant to the manufactured product exemption contained in Code § 7–2–421 (1968 rev. 1975). Investment Ltd. has not sought certiorari review of this conclusion.

Director of Finance pursuant to Code section 7–2–903:H (1968 rev. 1976). On March 20, 1987, after reviewing the arguments and briefs, the Director affirmed the Controller's ruling. Investment Ltd. then filed an action for judicial review in the El Paso County District Court, pursuant to Code section 7–2–904 (1968 rev. 1976), and C.R. C.P. 106(a)(4). On January 13, 1988, the district court affirmed the Director's ruling.

On appeal, the Court of Appeals reversed the district court's judgment. *Investment Hotel Properties*, 781 P.2d 113. The court determined that Investment Ltd.'s rentals of guest rooms constituted resales of the hotel property contained therein and that the original purchase of that personal property was a wholesale purchase for taxable resale and not subject to retail sales taxes or use taxes. *Id.* at 115.

## II

■ The City and the Director argue that the rental of a hotel room does not constitute a "resale" of the furnishings located therein for purposes of the Code. We agree.

The Code authorizes the imposition of retail sales taxes and use taxes on purchases of tangible personal property "purchased or sold at retail by every person exercising the taxable privilege ... by the sale, lease, rental, purchase, use, storage, distribution or consumption of" such property. Code § 7–2–201 (1968 rev. 1978).[4] The Code defines the terms "purchase" and "sale" as follows:

PURCHASE or SALE: The acquisition for a price by any person of tangible personal property or taxable services which are purchased, sold, used, stored, distributed or consumed. A transaction shall be deemed to be a purchase or sale if the acquisition of tangible personal property or service was effected by:

A. The transfer, either conditionally or absolutely, of title or possession, or

both, of the tangible personal property; or

B. A lease, rental or grant of a license to use (including royalty agreements), store, distribute or consume the tangible personal property; or

C. The right to continuous possession or use of tangible personal property is granted under a lease or contract.

Code § 7–2–104 (1968). A "retail sale" is defined as "[a]ny sale, purchase, lease, rental or grant of license to use tangible personal property, or taxable services within the City except a wholesale sale or purchase for taxable resale." Code § 7–2–104 (1968 rev. 1981). A "wholesale sale" is defined as follows:

WHOLESALE SALE or WHOLESALE PURCHASE or SALES FOR TAXABLE RESALE: A sale by wholesalers or retailers to retail merchants, jobbers, dealers, vendors or other wholesalers for taxable resale. It does not include a sale by a wholesaler or retailer to users, consumers, purchasers or customers not for taxable resale, which sales shall be deemed retail sales and subject to the provisions of this Article.

Code § 7–2–104 (1968 rev. 1981). The Code also contains a separate exemption from use tax for "wholesale sales," as follows:

WHOLESALE SALES: The sale by wholesalers or retailers to a licensed retailer, jobber, dealer or other wholesaler for purposes of taxable resale, and not for the retailer's, jobber's, dealer's or wholesaler's own consumption, use, storage or distribution, shall be deemed to be wholesale sales and exempt from taxation.

Code § 7–2–442 (1968 rev. 1976). The Code does not define the terms "resale" or "taxable resale."

■ Construing these provisions together, as we must, *see Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986), it is apparent that the Code authorizes the imposition of retail sales taxes and use taxes on a broad range of purchases of

---

**4.** The Code also authorizes the imposition of a separate tax on retail charges received by hotels for transactions "of furnishing rooms or other accommodations." Code § 7–2–311 (1968 rev. 1976).

tangible personal property. Whether the taxable event involves sales, rentals, leases, or simply storage or use of property, the original purchase or sale of such property is subject to taxation unless exempted by specific Code provisions.

The Court of Appeals emphasized the fact that the Code's definition of "purchase or sale" provides that lease or rental transactions involving tangible personal property shall be deemed "sales." The Court of Appeals then concluded that each rental of a hotel room to guests constitutes a "sale," that for purposes of the Code the acquisition of the room was for "resale" of the room, and that therefore no sales tax may be imposed on the purchase price of the hotel rooms. The Court of Appeals apparently expanded this rationale to conclude that the hotel property located in guest rooms was "sold" to each guest as part of every rental transaction, and was therefore purchased initially for resale.

This rationale cannot withstand an examination of the Code as a whole and ignores the realities of the relevant transactions. It is not every "sale" that may be exempt from the imposition of retail sales taxes or use taxes, but only a sale for resale. The question of what constitutes a "resale" is not answered by any definitional provision of the Code. Adoption of the broad definition of resale urged by Investment Ltd. and suggested by the Court of Appeals decision would substantially undermine the purpose of the Code to authorize the imposition of retail sales taxes or use taxes on most commercial transactions. We reject this proposed construction of the Code.

Although we have not previously construed the retail sales tax provisions of the Code, we recently construed substantially similar provisions contained in the Emergency Retail Sales Tax Act of 1935, codified at sections 39–26–101 to –211, 16B C.R.S. (1982), *Regional Transportation District v. Martin Marietta Corp.,* 805 P.2d 1102 (Colo.1991), and the sales tax and

use tax ordinance of the City and County of Denver, codified at sections 53–1 to 53–145 of the Denver, Colorado Revised Municipal Code (Denver Code). *See A.B. Hirschfeld Press, Inc. v. City and County of Denver,* 806 P.2d 917 (Colo.1991).

In *Hirschfeld,* we concluded that under the scheme and language of the Denver Code, a purchase is a purchase for resale, and therefore not a taxable purchase at retail, if the primary purpose of the transaction is the acquisition of tangible personal property for resale in an unaltered and basically unused condition. Relying to some degree on our prior discussions concerning the statutory definitions of wholesale sales and retail sales in earlier decisions of this court,[5] we indicated that the factors to be considered in determining whether a particular transaction constitutes a purchase for resale include the nature of the purchaser's contractual obligations, if any, to use, alter or consume the property to produce goods or perform services; the degree to which the items in question are essential to the purchaser's performance of those obligations; the degree to which the purchaser controls the manner in which the items are used, altered or consumed prior to their transfer to third parties; and the degree to which the form, character or composition of the items when transferred to third parties differs from the form, character or composition of those items at the time they were initially purchased. *Hirschfeld,* at 921. In *Regional Transportation District,* we concluded that the same test applied to questions arising under the state retail sales and use tax statute. *Regional Transp. Dist.,* at 1104–1105.

A taxpayer challenging an assessment of tax must prove the merits of the challenge by a preponderance of the evidence. *Hirschfeld,* at 920; *Honeywell Info. Systems v. Board of Assessment Appeals,* 654

**5.** *See, e.g., Howard Elec. and Mech. v. Department of Revenue,* 771 P.2d 475 (Colo.1989); *C.F. & I. Steel Corp. v. Chárnes,* 637 P.2d 324 (Colo. 1981); *International Business Machs. Corp. v. Chárnes,* 198 Colo. 374, 601 P.2d 622 (1979);

*Carpenter v. Carman Distrib. Co.,* 111 Colo. 566, 144 P.2d 770 (1943); *Craftsman Painters & Decorators v. Carpenter,* 111 Colo. 1, 137 P.2d 414 (1942); *Bedford v. Colorado Fuel & Iron Corp.,* 102 Colo. 538, 81 P.2d 752 (1938).

P.2d 337 (Colo.App.1982); *see Gerner v. Sullivan*, 768 P.2d 701 (Colo.1989). Upon reviewing the record, we conclude that Investment Ltd. did not satisfy its burden of proof to establish that the purchase of the hotel property was a wholesale purchase for resale and therefore not subject to the imposition of a use tax. To the contrary, the record requires the conclusion that, pursuant to the test articulated in *Hirschfeld* and in *Regional Transportation District*, Investment Ltd. purchased the hotel property primarily for its own use in the conduct of its business of providing furnished rooms to guests for rental fees.

Although Investment Ltd. did not enter into any specific contractual obligations to use the hotel property when it purchased the property, its subsequent conduct indicates that at the time of the purchase, it intended to enter into agreements with guests to furnish rooms to those guests and to use the hotel property in question to fulfill its contractual obligations to provide such accommodations. Investment Ltd.'s use of the hotel property in the guest rooms was essential to the performance of such contractual obligations. Investment Ltd. at no time transferred any incidents of ownership in the hotel property to any guests of the hotel, and it no doubt reserved the right to use, repair, replace and store some or all of such property as it, in its sole discretion, determined to be appropriate. For these reasons, we conclude that Investment Ltd. purchased the hotel property located exclusively in the guest rooms primarily for its own use.

As noted above, the Court of Appeals reasoned that because Investment Ltd. "resold" the guest room hotel property to its guests the purchase of such property was exempt from the imposition of retail sales or use taxes under the wholesale for taxable resale exemption to the Code. Code § 7-2-442 (1968 rev. 1976). We do not agree with this reasoning.

In *Bedford v. Colorado Fuel & Iron Corp.*, 102 Colo. 538, 81 P.2d 752 (1938), we noted that the terms "wholesale" and "retail" sale, as contained in the then applicable provisions of the Emergen- cy Retail Sales Tax Act of 1935, differed from the "ordinarily accepted general conception" of those terms. *Id.*, 102 Colo. at 543, 81 P.2d at 754. In *Hirschfeld*, we held a purchaser's transfer of title to tangible personal property to a third party does not establish that the property was initially "purchased for resale" within the meaning of the wholesale for resale exemption from the imposition of use tax. *Hirschfeld*, at 920; *Regional Transp. Dist.*, at 1105; *Carpenter v. Carman Distrib. Co.*, 111 Colo. 566, 144 P.2d 770 (1943); *Craftsman Painters & Decorators v. Carpenter*, 111 Colo. 1, 137 P.2d 414 (1942). A purchaser's use of property, not the purchaser's transfer of title thereto, is the pertinent inquiry for determination of the primary purpose for which the property was acquired. *Hirschfeld*, at 920–921; *Regional Transp. Dist.*, at 1105. *See Howard Elec. and Mech. v. Department of Revenue*, 771 P.2d 475, 477 (Colo.1989); *Tri–State Generation & Transmission Ass'n, Inc. v. Department of Revenue*, 636 P.2d 1335, 1337 (Colo.App.1981). Other courts have adopted this mode of analysis to resolve cases arising under various taxing schemes. *See Atlanta Americana Motor Hotel Corp. v. Undercofler*, 222 Ga. 295, 149 S.E.2d 691 (1966); *Hotels Statler Co. v. District of Columbia*, 199 F.2d 172 (D.C. Cir.1952); *Theo. B. Robertson Products Co. v. Nudelman*, 389 Ill. 281, 59 N.E.2d 655 (1945); *Kentucky Bd. of Tax Appeals v. Brown Hotel Co.*, 528 S.W.2d 715 (Ky. 1975).

In the present case, Investment Ltd. used the hotel property located in guest rooms subsequent to its purchase thereof. Although it periodically rented the property to its guests, and such rental may satisfy the Code's definition of "purchase or sale," we conclude that the primary purpose of the acquisition of the property was for Investment Ltd.'s use thereof in fulfilling its contractual obligations to its guests.

### III

For the foregoing reasons, we conclude that Investment Ltd.'s purchase of the hotel property located in the hotel's guest rooms was not a purchase primarily for taxable resale and therefore was subject to

the imposition of use taxes under the Code, as the Controller and the district court concluded.

The judgment of the Court of Appeals is reversed.

ERICKSON, J., dissents.

Justice ERICKSON dissenting:

I would affirm the court of appeals. *Investment Hotel Properties, Ltd. v. City of Colorado Springs*, 781 P.2d 113 (Colo.App. 1989). The court of appeals, in my view, properly concluded that Investment Properties' purchase of tangible personal property for the exclusive purpose of furnishing private guest rooms in a hotel owned and operated by Investment Properties was not taxable under the Colorado Springs Sales and Use Tax Ordinance. City Code § 7–2–101 to –1302. The issue in this case is whether property purchased at wholesale and used to furnish hotel guest rooms is exempt from use tax under the purchase for taxable resale exception.

I

The Colorado Springs city code declares that

every person who stores, uses, distributes or consumes in the City any article of tangible personal property, or taxable services purchased, leased or rented *at retail*, as herein defined, is exercising a taxable privilege.

City Code § 7–2–102(A) (emphasis added). The city may therefore levy a use tax on "the privilege of using, storing, distributing or otherwise consuming tangible personal property and taxable services in the City...." City Code § 7–2–103(B).

The authority to impose a use tax is dependent on the threshold question whether the item of personal property is purchased at retail. If the item of personal property is not purchased at retail, then Colorado Springs does not have the authority to impose a use tax regardless of the

extent of use, storage, or distribution of that property.

The city defines "retail sale" or "purchased at retail" as: "Any sale, purchase, lease, *rental* or grant of license to use tangible personal property, or taxable services within the City except a *wholesale sale or purchase for taxable resale*." City Code § 7–2–104 (emphasis added). The code then defines wholesale sale as:

A sale by wholesalers or retailers to retail merchants, jobbers, dealers, vendors or other *wholesalers for taxable resale*. It does not include a sale by a wholesaler or retailer to users, consumers, purchasers or customers not for taxable resale, which sales shall be deemed retail sales and subject to the provisions of this Article.

City Code § 7–2–104 (emphasis added).

Under the code, if an item of tangible personal property is purchased for the purpose of taxable resale, then it is a wholesale purchase and not subject to the use tax. Although the code does not specifically articulate a definition of taxable resale, the provisions of the code provide ample guidance regarding the legislative intent of the city.

A "sale" is defined by City Code § 7–2–104 to include all sales, leases and, *rentals* of personal property. A resale would therefore occur when the purchaser of the property sells, leases, or rents that property to another party or individual. City Code § 7–2–310 provides that the furnishing of tangible personal property is a taxable event,[1] and City Code § 7–2–311 provides that the furnishing of rooms in a hotel is also a taxable event.[2] The rental of a room and accompanying personal property is thus a taxable resale. Because Investment Properties purchased the personal property for taxable resale, Colorado Springs does not have authority under the

1. The sales or use tax is imposed on the purchase price paid or charged or for any consideration for the furnishing of tangible personal property, together with the services of an operator thereof, for any person, shall be taxable hereunder as a rental of such personal property, irrespective of the fact that during all times that the said property is so furnished, the control of the operation of the same remains in the person so providing the said property.
City Code § 7–2–310.

2. The sales or use tax is imposed on the entire price paid or charged on the transaction of furnishing rooms or other accommodations to

code to impose a use tax upon that property.

## II

The imposition of a use tax on the purchase of hotel room furnishings in addition to the imposition of a sales tax when a furnished room is rented is inapposite to both the code, and Colorado case law.

City Code § 7–2–103(C)(2) provides:

The sales tax and use tax complement each other in the City revenue plan, and together provide a *uniform tax* of two and one-half percent (2½%) upon *either* the sale, purchase, use, storage, distribution or consumption of all tangible personal property and specific taxable services purchased, leased or rented at retail, as herein defined.

(Emphasis added.) The purpose of a use tax is to supplement the sales tax, and therefore should not apply to property subject to sales tax. *State Dep't of Rev. v. Adolph Coors Co.*, 724 P.2d 1341, 1344 (Colo.1986). The imposition of a use tax on personal property purchased to furnish a private guest room, in addition to a sales tax on the rental of that room is, therefore, improper as double taxation. *See IBM v. Charnes*, 198 Colo. 374, 376, 601 P.2d 622, 625 (1979) (exemption of intermediate sales from use tax is designed to avoid multiple taxation, the goal being to impose the sales or use tax on the final consumptive transaction).

## III

The majority applies the primary purpose test and accompanying factors that were articulated in *Regional Transportation District v. Martin Marietta Corp.*, 805 P.2d 1102 (Colo.1991), and *A.B. Hirschfeld Press, Inc. v. City and County of Denver*, 806 P.2d 917 (Colo.1991). This court need not apply the four-factor analysis since the primary purpose of Investment Properties' purchase is clear.

According to the majority, a purchase is a purchase for resale, and not a taxable purchase at retail, if the primary purpose

of the transaction is the acquisition of tangible personal property for resale in an unaltered and basically unused condition. Investment Properties purchased the personal property at issue for no other reason than to furnish private guest rooms, which it intended to rent (resell) to its patrons. The personal property was then rented to Investment Properties' patrons in an unaltered and unused condition.

Thus, even applying the primary purpose test, I would hold that the personal property purchased by Investment Properties for the purpose of furnishing private guest rooms should not be subject to a use tax by the City of Colorado Springs.

---

any person who for a consideration uses, possesses or has the right to use or possess, any room or rooms in any hotel, apartment hotel, guest house, guest ranch, motel, mobile home, auto camp, trailer court or park, under any concession, permit right or access, license to use or other agreement, or otherwise.

City Code § 7–2–311.