635 So.2d 1044 (1994)
FLORIDA HOTEL and MOTEL ASSOCIATION, INC. and Naples Golf and Beach Club, Inc., Appellants,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Appellee.
No. 92-4323.
District Court of Appeal of Florida, First District.
April 27, 1994.
*1045 Robert M. Pierce of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee; Gerald S. Livingston, Orlando; Thomas F. Woods of Gatlin, Woods, Carlson & Cowdery, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., C. Lynne Chapman and Kevin J. O'Donnell, Asst. Attys. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
Appellants, an association representing members of the hotel and motel industry in Florida and a corporation engaged in the hotel and motel business, seek review of a declaratory statement issued by the Florida Department of Revenue (Department). We conclude that the Department correctly opined that tangible personal property purchased by hotels and motels for use in guest rooms incident to their business is not purchased for "resale" and, therefore, that there is no entitlement to a sales tax exemption on that ground; and that imposition of a sales or use tax upon the purchase of such property and upon rental of guest rooms does not constitute duplicate taxation. Accordingly, we affirm.
In April 1992, appellants filed a petition pursuant to section 120.565, Florida Statutes (1991), and rule 12-2.010, Florida Administrative Code (1991), seeking a declaratory statement. The petition requested a determination as to whether purchases of tangible personal property by a hotel or motel for the exclusive use of, or consumption by, patrons in guest rooms were subject to sales tax under chapter 212, Florida Statutes (1991). Appellants asserted that virtually every item of tangible personal property found in a guest room, including furniture, furnishings (e.g., towels, sheets, etc.) and consumables (e.g., soap, stationery, etc.), should be, upon a proper reading of the applicable statutory provisions, exempt from sales tax when purchased because they are purchased for "resale" and, therefore, are not "retail sales." Moreover, according to appellants, imposition of a sales tax upon the tangible personal property when purchased and subsequent imposition of a tax on patrons' bills involves an impermissible duplicate taxation. The Department rejected appellants' arguments, concluding that the tangible personal property in question is not purchased for "resale" but, rather, for use in connection with the operation of the hotel or motel business; and that no impermissible duplicate taxation occurs because two separate taxable transactions are involved.
Section 212.05(1)(a)1.a., Florida Statutes (1991), reads:
It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state, including the business of making mail order sales, or who rents or furnishes any of the things or services taxable under this chapter, or who stores for use or consumption in this state any item or article of tangible personal property as defined herein and who leases or rents such property within the state.

*1046 (1) For the exercise of such privilege, a tax is levied on each taxable transaction or incident, which tax is due and payable as follows:
(a)1.a. At the rate of 6 percent of the sales price of each item or article of tangible personal property when sold at retail in this state, computed on each taxable sale for the purpose of remitting the amount of tax due the state, and including each and every retail sale.
Section 212.02(15)(a), Florida Statutes (1991), defines "[r]etail sale" and "sale at retail" as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property or services taxable under this part, and includes all such transactions that may be made in lieu of retail sales or sales at retail." Section 212.02(16)(b), Florida Statutes (1991), defines "sale" as including "[t]he rental of living quarters or sleeping or housekeeping accommodations in hotels, apartment houses or roominghouses, or tourist or trailer camps... ." Appellants argue that, because the rental of a guest room constitutes a "sale," it necessarily follows that purchases by hotels and motels of tangible personal property to furnish guest rooms are purchases for "resale," rather than "retail sales." Therefore, according to appellants, such purchases are exempt from sales tax. In short, appellants' argument is that, because hotels and motels are engaged in the business of renting rooms, including their contents, they are actually engaged in the "resale" of the tangible personal property purchased to furnish those rooms.
Section 212.03, Florida Statutes (1991), addresses what is known as the "transient rentals tax." Subsection (1) reads:
It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of renting, leasing, or letting any living quarters or sleeping or housekeeping accommodations in, from, or a part of, or in connection with any hotel, apartment house, roominghouse, or tourist or trailer camp. For the exercise of such privilege, a tax is hereby levied in an amount equal to 6 percent of and on the total rental charged for such living quarters or sleeping or housekeeping accommodations by the person charging or collecting the rental. Such tax shall apply to hotels, apartment houses, roominghouses, or tourist or trailer camps... .
Appellants argue that the imposition of this tax in addition to that levied pursuant to section 212.05(1)(a)1.a. upon tangible personal property when purchased to furnish guest rooms violates the following expressed legislative intent to avoid duplicate taxation:
It is hereby declared to be the legislative intent that, whenever in the construction, administration, or enforcement of this chapter there may be any question respecting a duplication of the tax, the end consumer, or last retail sale, be the sale intended to be taxed and insofar as may be practicable there be no duplication or pyramiding of the tax.
§ 212.12(12), Fla. Stat. (1991).
The Department responds that appellants mischaracterize the essential nature of the transaction between a hotel or motel and its patron as nothing more than the rental of property. The reality of such transactions, according to the Department, is that the patron is purchasing a package which includes a number of components, not the least of which is a bundle of services. The Department insists that hotels and motels are in the business of providing overnight accommodations to their patrons. The tangible personal property used to furnish the guest rooms is merely one incident of that business. Such property is neither rented nor sold for purposes of chapter 212. Moreover, the Department claims that, because the taxes at issue are levied on two separate taxable privileges, there is no duplicate taxation. The tax imposed upon the purchase by a hotel or motel of tangible personal property used to furnish guest rooms is imposed upon the privilege of selling tangible personal property at retail, pursuant to section 212.05(1)(a)1.a.; whereas the tax imposed upon the rental of guest rooms is imposed upon the privilege of operating a hotel or motel, pursuant to section 212.03. We find ourselves in agreement with the Department's positions.
*1047 Under the common law, an innkeeper was understood to contract
to furnish services and entertainment compatible with the standing or character of the place, the prices paid, and the class of people invited to become guests, giving reasonable attention and care to the convenience, comfort, and safety of his guests[,] . .. such services and accommodations [to] be furnished under such sanitary conditions as are calculated to render the surroundings inviting and wholesome, rather than repulsive and deleterious to health.
29 Fla.Jur.2d Hotels, Motels, and Restaurants § 19, at 405 (1981) (footnote omitted). Although now heavily regulated, we do not believe that the essential nature of the contract between a hotel or motel and its patrons has changed. To attempt, as do appellants, to divide that contract into discrete transactions is to ignore its essential nature. Hotels and motels are simply not in the business of buying and then reselling (or leasing) guest-room furniture, furnishings and consumables. Rather, they are in the business of providing overnight accommodations, together with attendant services. In return for payment by the patron, the hotel or motel undertakes to provide a package consisting of real property, tangible personal property and services. The guest-room furniture, furnishings and consumables are, in reality, nothing more than amenities incidental to the business.
Although not directly on point, we find to be instructive the decision in Air Jamaica, Ltd. v. Department of Revenue, 374 So.2d 575 (Fla. 3d DCA 1979), cert. denied sub nom. Air Jamaica, Ltd. v. Department of Revenue, 392 So.2d 1371 (Fla. 1980), and appeal dismissed and cert. denied sub nom. Taca International Airlines, S.A. v. Department of Revenue, 392 So.2d 1380 (Fla. 1980). In that case, appellants sought review of a Department order concluding that they were liable for sales tax on packaged meals purchased by them and served during flights to their passengers. Appellants argued, inter alia, that the Department's order was contrary to Florida law because, pursuant to chapter 212, Florida Statutes, the meals were purchased for "resale" and, therefore, no sales tax was due. Rejecting that argument, the court commented:
In our view this argument cannot stand because there is in fact no resale. It is uncontroverted that the price of the meal is included in the price of the ticket. It is estimated that the price of the meal is actually about 1% of the cost of the ticket. To subdivide the cost of the ticket into percentages to cover the various services rendered by the airline in order to reach the artificial conclusion that there is a sale is to strain the meaning of the term "resale." When a passenger buys a ticket, he buys many services, including baggage handling, the services of flight attendants, and in appropriate cases, meals. In addition, a portion of his ticket goes to purchase gasoline and the services of the flight personnel. It is artificial to attempt to divide this package of services into separate sales and say that one of them is the sale of meals furnished to passengers.
Id. at 578. We believe that, just as it was "artificial" to argue that the package of goods and services provided by the appellant airlines in Air Jamaica to their customers be divided into discrete transactions for purposes of assessing sales tax liability, so, too, such an argument is "artificial" when sought to be applied to the package offered by hotels and motels to their patrons. See also American Video Corp. v. Lewis, 389 So.2d 1059 (Fla. 1st DCA 1980) (rejecting, on ground that components were merely one part of the package of goods and services for which the customer paid, argument that components of cable television system were purchased for rental to cable company's customers and, therefore, were not subject to sales tax because purchased for "resale").
We note that, although this issue appears to be one of first impression in Florida, it has been addressed in a number of other jurisdictions. Those jurisdictions which have addressed the issue have routinely held that furniture, furnishings and consumables purchased for use in guest rooms are purchased for use as part of the business of operating a hotel or motel, rather than for "resale" and that, accordingly, the purchases are not exempt from sales tax. E.g., Hotels Statler Co. *1048 v. District of Columbia, 199 F.2d 172 (D.C. Cir.1952); City of Colorado Springs v. Investment Hotel Properties, Ltd., 806 P.2d 375 (Colo. 1991); Atlanta Americana Motor Hotel Corp. v. Undercofler, 222 Ga. 295, 149 S.E.2d 691 (1966); Theo. B. Robertson Products Co. v. Nudelman, 389 Ill. 281, 59 N.E.2d 655, 157 A.L.R. 553 (1945); Kentucky Board of Tax Appeals v. Brown Hotel Co., 528 S.W.2d 715 (Ky. 1975); Helmsley Enterprises, Inc. v. Tax Appeals Tribunal, 187 A.D.2d 64, 592 N.Y.S.2d 851, leave to appeal denied, 81 N.Y.2d 710, 616 N.E.2d 854, 600 N.Y.S.2d 197 (1993); Sine v. State Tax Commission, 15 Utah 2d 214, 390 P.2d 130 (1964).
We likewise agree with the Department's argument that no duplicate taxation occurs because the taxes at issue are levied on two separate taxable privileges. The tax imposed upon the purchase of tangible personal property used to furnish guest rooms is imposed upon the privilege of selling tangible personal property at retail, pursuant to section 212.05(1)(a)1.a., Florida Statutes (1991); whereas the tax imposed upon the rental of guest rooms is imposed upon the privilege of operating a hotel or motel, pursuant to section 212.03. It is now well-settled that a sales or use tax "is a privilege or occupation tax ... levied upon the privilege of engaging in certain businesses or occupations." Gaulden v. Kirk, 47 So.2d 567, 579 (Fla. 1950). It is equally well-settled that no duplicate taxation occurs as long as the sales or use tax is imposed upon separate taxable privileges. Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822 (Fla. 1964).
For the foregoing reasons, the Department's declaratory statement is affirmed.
AFFIRMED.
BOOTH and ALLEN, JJ., concur.