461 P.2d 262

The BOISE BOWLING CENTER, et al.,
Plaintiffs-Respondents,

v.

The STATE of Idaho: and Floyd West, as
Tax Collector of the State of Idaho,
Defendants-Appellants.

No. 10271.

Supreme Court of Idaho.

Nov. 17, 1969.

Robert M. Robson, Atty. Gen., and Thomas C. Frost, Asst. Atty. Gen., Boise, for defendants-appellants.

Eberle & Berlin, Boise, for plaintiffs-respondents.

DONALDSON, Justice.

The sixteen plaintiffs-respondents (fifteen proprietors of bowling alleys and the American Machine & Foundry Co., hereafter referred to as A.M.F., who supplies and leases to these proprietors certain devices used in their respective enterprises), brought suit against the State of Idaho to recover sales taxes paid by the fifteen proprietors (on the equipment leased by them from A.M.F.) which were collected by A.M.F. and then paid to the State.

A.M.F. leases automatic pinsetting devices to each plaintiff-respondent. The rental payment is based on the use (number of lines bowled) made of these pinsetting machines by the respective lessees (owners of the bowling establishments). However there is a minimum rental provided for in the lease regardless of use.

The State Tax Collector determined that the leasing of the pinsetting machinery by A.M.F. to the individual proprietors of the bowling establishments constituted a "retail sale" within the meaning of I.C. § 63–3609.[1] This statute classifies a sale, lease or rental of personal property which is not held for resale (release or re-rental) as a "retail sale."

I.C. § 63–3612(h)[2] defines the term "sale" as including, "receipts from the lease or rental of tangible personal property."

Since an excise tax is imposed on each retail sale at the rate of 3% of the sales price, I.C. § 63–3619, the Tax Collector,

pursuant to I.C. § 63–3619(b) required A.M.F., the lessor or seller, to collect a sales tax from each of the fifteen plaintiffs-respondents in proportion to the rental fee paid by each of them.

The trial court in its Conclusion of Law I, determined,

"That the Idaho Sales Tax Act, Title 63, Chapter 3601, et seq. Idaho Code, is inapplicable to the lease of bowling equipment by the plaintiff, American Machine & Foundry Company, to bowling proprietors."

In Conclusion of Law II the court determined,

"That lease payments made by bowling proprietors to American Machine & Foundry Company are not retail sales within the meaning of the Idaho Sales Tax Act, supra."

The issue presented by this appeal is whether or not the leasing of bowling equipment by its manufacturer to individual proprietors of bowling establishments constitutes a "taxable sale" within the meaning of the Idaho Sales Tax Act.[3]

Applying these definitional statutes heretofore enumerated to the commercial transaction in the case at bar, it is evident that the leasing of the pinsetting equipment by A.M.F. to the individual proprietors of the bowling establishments does in fact constitute a taxable event. The pinsetting equipment, personal property, was leased rather than sold. However I.C. § 63–3612(h)[4] deems a "lease" a "sale" for purposes of the Sales Tax Act. Since it is the purpose

---

1. "63–3609. *Retail sale—Sale at retail.—* The terms 'retail sale' or 'sale at retail' means a sale of tangible personal property for any purpose other than resale of that property in the regular course of business or lease or rental of that property in the regular course of business where such rental or lease is taxable under section 63–3612(h) of this act. * * *."

2. "63–3612. *Sale.—*The term 'sale' means and includes any transfer of title, exchange or barter, conditional or otherwise, in any manner or by any means

whatsoever, of tangible personal property for a consideration and shall include any transfer of possession through incorporation or any other artifice found by the tax collector to be in lieu of, or equivalent to, a transfer of title, an exchange or barter. 'Sale' shall also include:

&ast; &ast; &ast; &ast; &ast;

(h) Receipts from the lease or rental of tangible personal property."

3. I.C. § 63–3601 et seq.

4. See note 2.

of the act to tax "retail sales," the question arises: what are the elements constituting "retail sale?" The statute is quite explicit by stating that:

"The terms 'retail sale' or 'sale at retail' means a sale of tangible personal property *for any purpose other than resale of that property in the regular course of business or lease or rental of that property in the regular course of business* where such rental or lease is taxable under section 63–3612(h) of this act." (emphasis supplied)

I.C. § 63–3612(h) defines as a sale, receipts from the lease or rental of tangible personal property.

As the statute clearly indicates a sale or leasing of tangible personal property for *any other purpose* than resale or releasing that property is a retail sale. Given this information the only question remaining is whether or not the respondent proprietors re-sell or re-lease the equipment originally leased to them. If they do, the transaction between *A.M.F. and the owners of the* bowling establishments loses the taint of being classified as a "retail sale" and is not taxable under the act.

We will now analyze the function of the leased automatic pinsetting machines and specifically with respect to whether or not it can fairly be said that these machines are re-rented or re-leased by the proprietors of the bowling establishments to their customers. Operation of a bowling business involves providing the bowling patron with a diverse assortment of services and properties, viz., use of a bowling ball, use of the bowling alley upon which the ball is thrown, use of a score sheet, and use of the automatic pinsetting machine.

It is the combination of these services and properties for which a charge is ex-acted by the proprietor of the establishment. The bowling patron does not rent the automatic pinsetting device by itself but rather rents or pays a fee for a "package" or bowling service which is supplied by the proprietor. Could it be said that an individual who patronizes a hotel rents the bed sheets, the carpets, the swimming pool, or any of the other facilities provided by the lodging establishment? The hotel guest pays for and receives a lodging service; such service being composed of various elements, some of a proprietary nature and others in the nature of services. It is this unique combination that distinguishes a hotel from a private residence or restaurant. In the same way a bowling patron, as the hotel guest, pays for and receives a unique combination of goods and services. In Hotels Statler Co., Inc. et al. v. District of Columbia, 91 U.S.App.D.C. 122, 199 F. 2d 172 (1952) the court in considering a statute[5] very similar to the Idaho Sales Tax Act reasoned that table linen, bed linen, towels, draperies, and carpets were not to be considered individual components which when assembled together, constituted "hotel room," but rather these various items were to be viewed as properties or goods used in the furtherance of the enterprise of running a hotel.

We feel that this reasoning expressed by *the United States Court of Appeals is* applicable to the instant case.

■ We now address ourselves to respondents' contention that under the Idaho Sales Tax Act, a tax is to be imposed only on a retail sale to the ultimate consumer. A consumer is one who uses economic goods in a manner so as to diminish or destroy their utility. Ex parte Mehlman, 127 Tex.Cr.R. 257, 75 S.W.2d 689 (1934). The mere fact that goods bought are used for

---

5. Sec. 114(a) Dist. of Col.Rev.Act of 1949, (63 Stat. 113) exempts from tax, sales in which the purpose of the purchaser is to resell the property so transferred in the form in which the same is, or is to be, received by him, or to use or incorporate the property so transferred as a material or part of other tangible personal property to be produced for sale by manufacturing, assembling, processing or refining.

the benefit of the customers or clients of the purchaser in no way detracts from their character as consumer goods. The goods are consumed by the purchaser in furtherance of his enterprise. The fact that the goods are used for the benefit of the purchaser's customers, or in the case of a bowling establishment or hotel, that the goods are used by the patrons themselves does not alter their character in the hands of the original purchaser (hotel owner or proprietor of a bowling establishment). They are and remain consumer goods which are consumed by the original purchaser in the course of his business.

Lastly we turn to respondents' (proprietors') contention that the imposition of the sales tax on the transaction between themselves and A.M.F. constitutes "double taxation" since the statute also imposes a tax on the transaction between the proprietor and his customer (bowling patron). It is evident that two transactions have occurred simultaneously. The first is the proprietor's rental of the pinsetting equipment from A.M.F. The second is the sale of bowling services by the proprietor of the bowling establishment to his customers. These are two entirely distinct transactions which are being subjected to taxation. The first relates to the privilege of renting tangible personal property within the state. The second relates to the privilege of using bowling facilities (a unique combination of property and services) for recreational purposes. There are two entirely different taxpayers in each transaction; the proprietors in the first, his customers in the second. A sales tax is not a tax on property but rather an excise tax—a levy on certain transactions designated by statute. Leonardson et al. v. Moon et al., 92 Idaho 796, 451 P.2d 542 (1969). There is no double taxation when two separate and distinct privileges are being taxed even though the subject matter to which each separate transaction pertains may be identical. In Lakewood Lanes,

Inc. v. State of Washington, 61 Wash.2d 751, 380 P.2d 466, 100 A.L.R.2d 1108 (1963) the Washington Supreme Court recognized that where there are two separate taxpayers and two separate transactions, even though both involved the identical subject matter, each of the transactions had a distinct taxable significance thus removing any taint of double taxation. It is the retail sale that is taxed, not the article.

Judgment reversed.

Costs to appellants.

McFADDEN, C. J., McQUADE and SPEAR, JJ., and BELLWOOD, District Judge, concur.