389 So.2d 1059 (1980)
AMERICAN VIDEO CORPORATION, Appellant,
v.
Gerald A. LEWIS, Comptroller of the State of Florida, and Florida Department of Revenue, a State Agency, Appellees.
No. SS-129.
District Court of Appeal of Florida, First District.
October 17, 1980.
Rehearing Denied November 21, 1980.
*1060 Robert S. Goldman, of Thompson, Wadsworth, Messer & Rhodes, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wilson Crump, II and Barbara Staros Harmon, Asst. Attys. Gen., for appellees.
LARRY G. SMITH, Judge.
American Video, a provider of cable T.V. service in Broward County, appeals an order of the Comptroller (adopting in toto the hearing officer's recommended order) denying a claim for refund of taxes and penalties assessed under the sales and use tax law, Chapter 212, Florida Statutes. Appellant maintains that the items of property forming the basis for the dispute consisting of hooks, cables, transformers, rods, ferrules, and the like (hereinafter called "drop-in items") were purchased for rental and therefore constituted a "resale" to its customers under the definition of "sale," Section 212.02(2)(a), and consequently were not subject to the sales tax imposed by Section 212.05. We affirm.
Section 212.05 declares that every person in this state "who engages in the business of selling tangible personal property at retail in the state, or who rents or furnishes any of the things or services taxable under this chapter," is exercising a "taxable privilege." The drop-in items in question are obviously "tangible personal property," and the furnishing of cable television service is specifically made taxable under Section 212.05(5).
A taxable "retail sale" is defined in Section 212.02(3)(a) as "a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, ..." (emphasis added). Section 212.02(2)(a) defines "sale" as:
(a) Any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration.
Appellant's contention is that the "drop-in items" are "rented" to its customers so that a "resale," occurs, and appellant's initial purchase of these items from its suppliers is therefore not a taxable transaction under the quoted provisions. The parties draw their factual arguments from a stipulated statement of the material facts. Appellant emphasizes that title to the drop-in items remains in appellant; a deposit is paid by the customer, refundable upon return of the items to appellant at the termination of service; the customer agrees to pay for replacement of any such items stolen, lost, or damaged while in the customer's possession; and a portion of the monthly service charge paid by the customer includes consideration for the use and possession of these items of tangible personalty.
Appellee responds that the drop-in items are really nothing more than pieces of hardware which enable appellant to distribute the cable signal from its trunk lines to the individual customer's T.V. set, and which enable customers to tune their T.V. sets so that they may view the programming provided by appellant. Thus, according to appellee, the disputed items are simply a part of the apparatus used by appellant in providing a service to its customers, in no sense being sold or "rented," as such, to the customer.
Although we are mindful of appellant's arguments that the focus of the taxing statutes is economic and objective rather than legalistic and subjective, so that the intention of the parties does not necessarily control, we do not view this argument as precluding a realistic analysis or evaluation of each factual circumstance as did the *1061 hearing officer, in applying the statutes. We think the better reasoned application of the taxing statutes supports the view of appellee that appellant's purchases of these items is taxable. There is no separate charge made by appellant in its monthly billing to its customers specifically designated as a charge for "rental" of these drop-in items. This circumstance in and of itself may not be determinative in a given case, as for example, Scripto Inc. v. Carson, 105 So.2d 775 (Fla. 1958), in which the supplier of metal display containers in which mechanical writing instruments were delivered to Florida wholesalers was held not responsible for collection and remission of the Florida use tax, notwithstanding no separate charge was made for the container. We think Scripto is factually distinguishable in that the cost of the metal container was included in the price paid for the total merchandise "package" acquired by the Florida wholesalers for ultimate resale to Florida merchants. In no sense did the Scripto case involve the furnishing of a "service" as is the case here.
In our resolution of the controversy we are primarily influenced by the simple fact that these hooks, ferrules, wires and gadgets are unused, unusable and of no value in and of themselves to the customer, so as to support payment of a separate consideration for their possession, until such time as appellant makes the proper connections to its system so that the customer can watch cable T.V. For this, and nothing else, the customer pays a consideration in the form of his monthly service charge, the only charge made, except for the initial hook-up and equipment deposit.
A separate tax is collected by appellant from its customers for the furnishing of the cable television service under Section 212.05(5). Because of this, appellant contends that the Comptroller's ruling creates double taxation-a tax on the drop-in items when purchased by appellant, and a tax on their use or rental when installed on the premises of a customer. Section 212.12(12) contains a declaration of legislative intent that wherever, in construction, administration or enforcement of the chapter on sales taxes there may be a question respecting the duplication of the tax, that the "end consumer, or last retail sale shall be the sale intended to be taxed and insofar as may be practicable there be no duplication or pyramiding of the tax." We conclude, under the facts of this case, that when appellant purchases these items for its use in providing television service to its customers, a taxable transaction occurs; and when the necessary connections are made and the customer receives his television service furnished by appellant, a separate taxable transaction occurs. Under the legislative scheme, the tax on appellant's initial purchases is passed on to its customers as a part of the regular monthly subscription. When there are two taxpayers and two separate taxable transactions or privileges, double taxation does not occur. See Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822 (Fla. 1964), and Boise Bowling Center v. State, 93 Idaho 367, 461 P.2d 262 (Idaho 1969).
Our resolution of the controversy under appellant's point one makes it unnecessary for us to rule upon appellant's contention that the hearing officer improperly relied upon appellant's failure to furnish a resale certificate under Rule 12A-1.38(1), Florida Administrative Code. See Pioneer Oil Company, Inc. v. State, Department of Revenue, 381 So.2d 263 (Fla. 1st DCA 1980). It is unnecessary for us to decide whether appellees' failure to assert the nonfurnishing of resale certificates as a defense to the refund claim, or its stipulation that all procedural requirements necessary to pursue the refund claim had been satisfied, amounted to a waiver.
AFFIRMED.
ERVIN and SHAW, JJ., concur.