272 N.J. Super. 540 (1994)
640 A.2d 862
COMFORTABLY YOURS, INC., PLAINTIFF-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1994.
Decided April 22, 1994.
*541 Before Judges SHEBELL, LONG and LANDAU.
Michael I. Rubenstein argued the cause for appellant (Leanza, Agrapidis & Kalebic, attorneys; Frank M. Leanza, of counsel; Steve M. Kalebic and Mr. Rubenstein, on the brief).
Lillian E. Brown, Deputy Attorney General, argued the cause for respondent (Deborah T. Poritz, Attorney General, attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel; Carolyn Lurry Mapp, on the brief).
The opinion of the court was delivered by LONG, J.A.D.
Appellant, Comfortably Yours, Inc. (CYI) a New Jersey corporation involved in retail mail order sales, appeals from a use tax deficiency assessed by respondent, Director, Division of Taxation and upheld by the Tax Court. This deficiency represented the tax *542 on the cost of producing and distributing promotional catalogs at the direction of CYI by out-of-state printing contractors who shipped the catalogs by mail to customers and/or potential customers in New Jersey. On appeal, CYI contends that the Tax Court erred in determining that the production and distribution of its promotional catalogs constitute a use within the meaning of N.J.S.A. 54:32B-2(h) and in declaring that the imposition of the tax is not a violation of the commerce clause of the U.S. Const., art. I, § 8, cl. 3.
We have carefully reviewed this record in light of these contentions and have concluded that there is no warrant for our intervention. We affirm substantially for the reasons expressed by the Tax Court judge, Judge Crabtree, in his opinion of September 29, 1992. 12 N.J. Tax 570. In so doing, we recognize that the conclusion reached by the Director and approved by Judge Crabtree is not universally held and that there are fair arguments which support a contrary view. We agree with Judge Crabtree however, that the imposition of the use tax in these circumstances is a reasonable interpretation of the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29, and that it has support in case law and commentary and does not run afoul of any constitutional provision. D.H. Holmes Co. v. McNamara, 486 U.S. 24, 108 S.Ct. 1619, 100 L.Ed.2d 21 (1988); Mervyn's v. Arizona Dept. of Revenue, 173 Ariz. 644, 845 P.2d 1139 (Tax 1993); L.M. Berry & Co. v. Blackmon, 231 Ga. 659, 203 S.E.2d 520 (1974); K. Mart Corp. v. Idaho State Tax Comm'n, 111 Idaho 719, 727 P.2d 1147 (1986), appeal dismissed, 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784 (1987); Chesapeake & Potomac Tel. Co. v. Comptroller, 72 Md. App. 293, 528 A.2d 536; J.C. Penney Co. v. Olsen, 796 S.W.2d 943 (Tenn. 1990); II Hellerstein & Hellerstein, State Taxation § 16.03(3)(a), 16-16 to 16-17 (1992).
Affirmed.