920 P.2d 921

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York Corporation authorized to do business in Idaho, Plaintiff–Appellant,**

v.

**The TAX COMMISSION OF the STATE OF IDAHO, Defendant–Respondent.**

No. 22385.

Supreme Court of Idaho, Boise, April, 1996 Term.

July 29, 1996.

---

Holland & Hart, Boise; Morrison & Foerster, New York, for appellant. Arthur B. Rosen, argued.

Alan G. Lance, Attorney General; Carl E. Olsson, Boise, argued, for respondents.

SCHROEDER, Justice.

This is an appeal by American Express Travel Related Services Company, Inc. (American Express) from a decision of the district court affirming a determination of the Idaho State Tax Commission (Tax Commission) that the distribution of promotional materials by American Express to Idaho residents is subject to "use" tax under section 63–3621(a) of the Idaho Code.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

American Express, a subsidiary of American Express Company, is a New York corporation authorized to conduct business in the state of Idaho. American Express provides diversified financial services, including travel related services, and in doing so engages in interstate commerce. At all times pertinent to this case, American Express had sufficient contacts with Idaho to subject American Express to the jurisdiction of the Idaho Sales Tax Act, Chapter 36, Title 63, Idaho Code.

American Express regularly sends printed advertisements and promotional materials, consisting of brochures, catalogs and printed sales materials for products and services offered by or through American Express via U.S. mail to individuals in every state in the United States, including Idaho. Most of these mailings are sent by first class mail, although, American Express's Merchandise Services Division sometimes uses third class mail to send printed advertisements and promotional materials to Idaho addresses.

All printed advertisements and promotional materials that are sent to Idaho residents are printed by independent third-party printers and letter shops pursuant to American Express's instructions. These printers and letter shops are located outside of Idaho and send the materials to addresses in Idaho by depositing them in the U.S. mail pursuant to American Express's instructions.

American Express supplies the printers and letter shops with the names and addresses of Idaho residents to whom it wishes the materials be sent. All of American Express's decisions with respect to the mailing of printed advertisements and promotional materials are made outside the state of Idaho, and all aspects of American Express's dealings with the printers and letter shops take place outside Idaho. The parties stipulate that the only connection between the activities the Tax Commission seeks to tax and the state of Idaho is that the printed materials are sent to Idaho addresses.

On or about April 23, 1992, the Tax Commission issued to American Express a Notice of Deficiency Determination seeking use tax, penalty and interest from April 1, 1986, through December 31, 1988. The basis for the notice was American Express's failure to remit use tax to the State of Idaho for printed advertisements and promotional materials sent to Idaho residents. On August 3, 1993, the Tax Commission issued its decision approving and affirming the Deficiency Determination of April 23, 1992, in the amount of $29,511.00. American Express paid the deficiency under protest and appealed the Tax Commission's determination to the district court. The district court affirmed the Tax Commission's deficiency determination.

The district court referred to the use tax statute, which provides that a use tax is imposed upon "every person storing, using, or otherwise consuming, in this state, tangible personal property . . ." I.C. § 63–3621(a). The court also referenced the statutory definition of "use." I.C. § 63–3615(b).

The court relied on *K Mart v. Idaho State Tax Comm'n,* 111 Idaho 719, 727 P.2d 1147

(1986), *cert. denied,* 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784 (1987), as establishing that advertisers mailing materials to Idaho residents are subject to the "use" tax. The court went on to state that, "in Idaho it has already been held by the highest Court that 'use' in Idaho includes advertisements and promotional materials prepared at the direction of the advertiser." The district court concluded that under *K Mart,* the Tax Commission has the power to tax American Express for the direct mailings sent to Idaho addresses. We affirm the determination of the district court.

## II.

### THE DIRECT MAILING OF PROMOTIONAL AND ADVERTISING MATERIAL TO IDAHO ADDRESSES IS SUBJECT TO THE "USE" TAX IMPOSED BY I.C. § 63–3621.

In *K Mart Corp. v. Idaho State Tax Comm'n,* an advertiser had advertising supplements printed out-of-state and paid in-state newspapers to insert and deliver the supplements with the newspapers. 111 Idaho at 720, 727 P.2d at 1148. Through contracts with these newspapers, K Mart designated the number of inserts to be distributed at any given time as well as the dates of distribution. *Id.* This Court found K Mart's inserts subject to Idaho's use tax and stated the following:

> [A]ll advertising is used by advertisers, such as K Mart, for the purpose of making sales and profits. In light of this and the exercise of K Mart, through its contracts, of rights and powers over the inserts incident to their ownership, K Mart uses the inserts within the meaning of the use tax statute.

*Id.* at 721, 727 P.2d at 1149.

A determination of whether the promotional materials distributed by American Express fall within the use tax involves the interpretation of the applicable statutes:

> **63–3621. Imposition and rate of use tax—Exemptions.**—An excise tax is hereby imposed on the storage, use, or other consumption in this state of tangible personal property acquired on or after July 1, 1965, for storage, use, or other consumption in this state at the rate of five per cent (5%) of the value of the property, and a recent sales price shall be presumptive evidence of the value of the property.
>
> (a) Every person storing, using, or otherwise consuming, in this state, tangible personal property is liable for the tax. His liability is not extinguished until the tax has been paid to this state except that a receipt from a retailer maintaining a place of business in this state or engaged in business in this state given to the purchaser is sufficient to relieve the purchaser from further liability for the tax to which the receipt refers.
>
> . . . .

I.C. § 63–3621 (1995).

The term "use" is defined in section 63–3615(b) of the Idaho Code as follows:

> (b) The term "use" includes the exercise of any right or power over tangible personal property incident to the ownership or the leasing of that property or the exercise of any right or power over tangible personal property by any person in the performance of a contract, or to fulfill contract or subcontract obligations, whether the title of such property be in the subcontractor, contractor, contractee, subcontractee, or any other person, or whether the titleholder of such property would be subject to the sales or use tax, unless such property would be exempt to the titleholder under section 63–3622D, Idaho Code, except that the term "use" does not include the sale of that property in the regular course of business.

I.C. § 63–3615(b) (1995). The legislative history of I.C. § 63–3615(b) indicates that "use" is to be defined "as broadly as possible." House Revenue and Taxation Committee Report in Support of House Bill 222, p. 18.

American Express contends that it never exercised any "right or power" over the advertising supplements within Idaho, because the supplements were prepared for mailing by out-of-state printers and then deposited with an out-of-state postal service office which ultimately delivered the catalogs directly to Idaho addresses. American Express asserts that the critical distinction be-

tween this case and the facts presented in *K Mart* is that K Mart contracted with in-state newspapers to have their advertising supplements distributed. Other courts have made such a distinction, but this Court does not find such a distinction applicable. *Chesapeake & Potomac Tel. v. Comptroller,* 317 Md. 3, 561 A.2d 1034 (1989); *Modern Merchandising, Inc. v. Department of Revenue,* 397 N.W.2d 470 (S.D.1986); *Wisconsin Dep't of Revenue v. J.C. Penney Co.,* 108 Wis.2d 662, 323 N.W.2d 168 (1982).

The use tax is imposed on the exercise of a right or power over tangible personal property as opposed to being imposed on a sale of tangible personal property or services as is the sales tax. The legislature created the use tax as a complement to the sales tax, Title 63, Chapter 36. A primary purpose of the use tax is to prevent the state from losing revenue when tangible personal property purchased out-of-state, which is not subject to the Idaho sales tax, is nonetheless used here to the same extent as is property purchased here for which Idaho sales tax is paid.

Analogous to this Court's decision in *K Mart,* other courts have upheld the imposition of a use tax on advertising materials distributed within a taxing state. *D.H. Holmes Co. v. McNamara,* 486 U.S. 24, 108 S.Ct. 1619, 100 L.Ed.2d 21 (1988); *Sears, Roebuck & Co. v. Woods,* 708 S.W.2d 374, 381 (Tenn.1986) ("The power to allow property one owns to be used for one's benefit, such as for profit-making purposes, is a taxable privilege of use."); *J.C. Penney Co. v. Olsen,* 796 S.W.2d 943 (Tenn.1990). In *K Mart Corp. v. South Dakota Dep't of Revenue,* 345 N.W.2d 55 (S.D.1984), the Supreme Court of South Dakota found that K Mart "used" advertisement supplements within the state's statutory definition of "use" by "virtue of its ownership of the supplements and its power to determine the date of distribution and the number of copies to be distributed." 345 N.W.2d at 58.

In *Comfortably Yours, Inc. v. Director, Div. of Taxation,* 272 N.J.Super. 540, 640 A.2d 862 (1994), the court upheld a use tax on the cost of producing and distributing promotional catalogs at the direction of a retailer by out-of-state printing contractors who shipped the catalogs by mail to customers in New Jersey. *Comfortably Yours* is factually indistinguishable from the present case, and its conclusion is applicable to this case.

Authors of a leading treatise have set forth the following cogent arguments in support of the imposition of a use tax in this case:

> In our view, physical control or possession of the catalogs or preprints … are inappropriate measuring rods for determining whether a taxable use of the promotional materials in the State by the vendors took place. Use ought to be judged by economic standards. As stated by the South Dakota court, "advertising is used by advertisers such as K Mart for the purpose of making sales." The economic utilization of the promotional materials lies in getting them to the prospective customers in the State. The advertiser, which had the articles produced, delivered them to the prospects through its agents—the printer, the Post Office, the common carrier, or the private trucker. Such delivery in the State and such exploitation of the State's market by the taxpayer or its agents on its behalf ought to be treated as a taxable use of the catalogs or advertising supplements in the market State.

Hellerstein and Hellerstein, State Taxation (1992), ¶ 16.03(3)(a), pp. 16–16 to 16–17 (footnote omitted).

American Express's argument stresses physical location of the property and in-state control over the property sought to be taxed at the expense of the broad economic rationale underlying the taxing statute. The definition of "use" contained in I.C. § 63–3615(b) was intended to be as broad as possible, and that definition includes the direct mailing of promotional and advertising material to Idaho addresses.

### III.

### CONCLUSION

American Express is subject to the use tax imposed by the Tax Commission. The deci-

906

sion of the district court is affirmed. Costs are awarded to the respondent.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, concur.