# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36111

GRACIE, LLC, an Idaho limited liability
company, and  BARNES & BARNES
ENTERPRISES, LLC, an Idaho limited
liability company,

 Petitioners-Appellants,

v.

IDAHO STATE TAX COMMISSION, a
political subdivision of the State of Idaho,

 Respondent.

  Boise, June 2010 Term

  2010 Opinion No. 73

  Filed: June 28, 2010

  Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County.  The Honorable Patrick H. Owen, District Judge.

The order of the district court is affirmed.

Derek A. Pica, Boise, for appellants.

The Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Brian D. Nicholas argued.

---

J. JONES, Justice.

 Gracie, LLC, and Barnes & Barnes Enterprises, LLC, appeal the district court's decision requiring that they pay use tax on their out-of-state purchases of tanning and spa equipment. We affirm.

## I.
## Background

 Gracie, LLC, and Barnes & Barnes Enterprises, LLC, (the taxpayers) separately own and operate several Planet Beach tanning salons in Ada and Canyon Counties. Planet Beach generates revenue by offering a variety of tanning and spa services that are catered to the individual needs of its customers. Planet Beach customers may purchase a range of options, from a single tanning session in an individual room for a prearranged period of time, to contemporary spa packages that include wellness, relaxation, UV therapy, and skin rejuvenation services.

1

Because of the inherent risks associated with tanning, Planet Beach employees strictly control the use of the tanning and spa equipment. Employees are trained to advise and instruct each customer as to the proper usage of the equipment and the appropriate degree and length of exposure. Among other things, each customer is required, in accordance with federal law, to wear protective tanning lenses for the entirety of a tanning session, the maximum time a customer can use any tanning bed or piece of spa equipment is twenty minutes, and no customer is allowed to tan more than one time in a twenty-four hour period.

To aid in the tanning process, Planet Beach sells a variety of tanning lotions, skin care products, protective eyewear, and other similar items. Once the desired service is selected, each customer is provided an individual room for privacy and security. At the front desk, Planet Beach employees are responsible for initiating the tanning process by inputting data into a computer that commences, controls, and monitors the length and degree of exposure for each customer. The customer cannot lengthen the exposure time beyond that set by the Planet Beach employee and, with the exception of pushing a start button, cannot control any aspect of the tanning process without the aid of an employee. The session ends automatically upon the expiration of the pre-set time. At the conclusion of each session, Planet Beach employees are responsible for cleaning and sanitizing the equipment as well as ensuring that the equipment receives routine maintenance.

At some time prior to January 1, 2004, the taxpayers purchased tanning and spa equipment from an out-of-state franchisor for use in the Planet Beach tanning spas. The taxpayers did not pay Idaho sales taxes on the equipment at the time of purchase. In March of 2007, the Idaho State Tax Commission (the Tax Commission) issued deficiency determinations against the taxpayers, assessing sales and use tax and interest for the period of January 1, 2004, through December 31, 2006, relating to the equipment purchases. The taxpayers filed protests and petitions for redetermination pursuant to Idaho Code section 63-3631, arguing that they were exempt from paying use tax on the equipment because they rent the equipment to their customers in the regular course of business. The Tax Commission disagreed and upheld the assessments against both taxpayers.

The taxpayers then petitioned the district court for judicial review of the Tax Commission's decision pursuant to Idaho Code section 63-3049. On cross-motions for summary judgment, the district court affirmed the decision of the Tax Commission. The district court held

that the taxpayers were not renting the tanning and spa equipment to their customers, but instead used the equipment as part of a service package offered to the customers, and thus were subject to liability for the Idaho use tax. The taxpayers now appeal to this Court, arguing the limited question of whether they are entitled to the resale exemption from the Idaho use tax.

## II.
### A.

A taxpayer may appeal a decision by the Tax Commission to the district court by filing a complaint against the Tax Commission in the district court pursuant to Idaho Code section 63-3049. The case proceeds as a de novo bench trial in the district court. *Parker v. Idaho State Tax Comm'n*, 148 Idaho 842, 845, 230 P.3d 734, 737 (2010). This Court reviews the district court's decision directly, and utilizes the Tax Commission's administrative determination as merely an articulation of the position of the Tax Commission as a party to the action. *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006).

This Court reviews the district court's grant of summary judgment under the same standard employed by the district court. *Boise Tower Assocs. v. Hogland*, 147 Idaho 774, 779, 215 P.3d 494, 499 (2009). "The fact that the parties have filed cross-motions for summary judgment does not change the applicable standard of review, and this Court must evaluate each party's motion on its own merits." *Intermountain Forest Mgmt.*, *Inc.* v. *La. Pac. Corp.*, 136 Idaho 233, 235, 31 P.3d 921, 923 (2001). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho R. Civ. P. 56(c). Because the case proceeds as a de novo bench trial in front of the district court, the district court, as the trier of fact, "is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences." *P.O. Ventures, Inc. v. Loucks Family Irrev. Trust*, 144 Idaho 233, 237, 159 P.3d 870, 874 (2007). This Court freely reviews the entire record that was before the district court to determine whether either side was entitled to judgment as a matter of law and whether the inferences drawn by the district court are reasonably supported by the record. *Id.*

**B.**

The sole question on appeal is whether the taxpayers are entitled to the resale exemption from the Idaho use tax. The Idaho Sales Tax Act (Tax Act), Idaho Code chapter 36, title 63, governs sales and use taxes in Idaho. Because the Legislature cannot impose its sales tax on retail sales that are consummated in other states, Idaho has adopted a complementary use tax. I.C. § 63-3621; *Am. Express Travel Related Servs. Co. v. Tax Comm'n*, 128 Idaho 902, 905, 920 P.2d 921, 924 (1996). "The use tax is imposed on the exercise of a right or power over tangible personal property as opposed to being imposed on a sale of tangible personal property or services as is the sales tax." *Am. Express Travel Related Servs. Co.,* 128 Idaho at 905, 920 P.2d at 924.

In the absence of an exemption, "[e]very person storing, using, or otherwise consuming" tangible personal property within the state of Idaho is liable for the use tax. I.C. § 63-3621(a). A taxpayer "uses" tangible personal property through "the exercise of any right or power over tangible personal property incident to the ownership or the leasing of that property . . . ." I.C. § 63-3615(b). However, "the term 'use' does not include the sale[1] of that property in the regular course of business." *Id.* Thus, under the resale exemption, any sale to a purchaser who leases, rents, or resells the purchased item prior to making any significant use of it is exempt from the Idaho use tax. I.C. §§ 63-3615(b), 63-3621(e).

In construing the Tax Act, there is a long-standing rule of statutory construction that the Act must be construed as favorably as possible to the taxpayer and strictly against the taxing authority. *AIA Servs. Corp. v. Idaho State Tax Comm'n*, 136 Idaho 184, 187, 30 P.3d 962, 965 (2001); *Futura Corp. v. State Tax Comm'n*, 92 Idaho 288, 291, 442 P.2d 174, 177 (1968). However, this presumption is reversed when the taxpayer claims a statutory resale exemption from use taxation. *See* I.C. § 63-3621(e). When a taxpayer claims a statutory resale exemption, it is presumed that the taxpayer is storing, using, or otherwise consuming the property and is subject to the use tax. I.C. § 63-3621(e). The taxpayer has the burden of proving an entitlement to the resale exemption "unless he obtains from the purchaser a resale certificate to the effect that the property is purchased for resale or rental." I.C. § 63-3621(e). Thus, with regard to the use tax, liability for the tax is the rule and exemption from the tax is the exception.

---

[1] Included within the definition of "sale" is "[t]he lease or rental of tangible personal property." I.C. § 63-3612(2)(h).

In considering whether a taxpayer is entitled to the resale exemption by means of renting tangible personal property to the ultimate end user in the regular course of business, this Court determines whether the taxpayer purchased the property for the purpose of reselling or renting the equipment to its customers and not to provide services as part of its business design. *Boise Bowling Center v. State,* 93 Idaho 367, 369–70, 461 P.2d 262, 264–65 (1969). If the taxpayer is unable to demonstrate that the customers' use of the property is separate from the taxpayer's business design of providing services, the taxpayer does not fall within the resale exemption to the Idaho use tax. *Id.* The taxpayers argue that they are renting the equipment and not providing a service because customers are charged a fee solely based on the type of tanning equipment being used. The Commission, on the other hand, argues that the customers pay a fee for a combination of the taxpayers' services and equipment.

The determinative inquiry here is whether the taxpayers purchased the tanning and spa equipment solely for the purpose of renting the equipment to their customers, rather than providing tanning and spa services to the customers. *Id.* at 369, 461 P.2d at 264. The proper analysis is to identify characteristics of the transaction at issue that make it either more analogous to what is reasonably and commonly understood to be a rental of property, or more analogous to what is generally understood to be the purchase of a service.

The district court held that the case of *Boise Bowling Center v. State* was dispositive in this matter. 93 Idaho 367, 461 P.2d 262. In that case, this Court examined whether a bowling alley proprietor rents pinsetting equipment to its customers, or alternatively, whether the proprietor provides bowling services. *Id.* at 369, 461 P.2d at 264. The Court found that the operation of a bowling business involves providing the bowling patron with a diverse assortment of services and equipment, including the use of a bowling ball, a score sheet, a bowling alley, and a pinsetting machine. *Id*. The Court held that:

> It is the combination of these services and properties for which a charge is exacted by the proprietor of the establishment. The bowling patron does not rent the automatic pinsetting device by itself, but rather rents or pays a fee for a "package" or bowling service which is supplied by the proprietor.

*Id*. Thus, this Court held that the bowling proprietor used the pinsetting machine in furtherance of the enterprise of running a bowling establishment. *Id*.

In *Energy Squared, Inc. v. Arizona Department of Revenue*, the Arizona Court of Appeals addressed the service versus rental issue in the tanning salon context. 56 P.3d 686 (Ariz. Ct. App.

5

2002). In that case, the court considered the fact that customers come to the tanning salon relying on the expertise of the salon's employees in order to achieve the desired tanning result without risking excessive radiation exposure or skin damage. *Id*. at 689–90. The court also found that the salon's employees were charged with obtaining relevant information from the customers, assessing the information, and advising the customers about how their tanning goals could be satisfied effectively and safely. *Id.* at 690. Lastly, the court considered that the employees were charged with enforcing state and federal regulations as well as controlling the entirety of the tanning process through "automated central control of the selected tanning equipment." *Id*. From this, the court concluded that taxpayer performed the service of providing artificial tanning. *Id.*

In this case, we agree with the district court's finding that the taxpayers' business cannot reasonably be characterized as a transaction in which the taxpayers merely sell to their customers the use of the tanning and spa equipment. The taxpayers are in the business of running tanning salons. It defies logic and common sense to suggest that it is reasonably and commonly understood that a tanning salon rents its equipment to its customers. Just as the Arizona Court of Appeals found in *Energy Squared*, the tanning salon customer does not seek the exclusive and unbridled use of a tanning bed but, instead, seeks the knowledge and expertise of the taxpayers' employees.

Moreover, consistent with this Court's holding in *Boise Bowling Center*, the tanning customer does not simply pay a price for the tanning bed itself but, rather, pays for the package of services offered by the taxpayers. Those services include the expertise and assistance of the taxpayers' employees; an individual room that provides privacy and security; the availability for purchase of accessory items, such as skin-care products and protective tanning lenses; the cleaning of the tanning and spa equipment; and the maintenance of the equipment. Moreover, many of the taxpayers' customers receive contemporary spa packages that include wellness, relaxation, UV therapy, and skin rejuvenation services that involve far more than the simple rental of a tanning bed. Consequently, because the service component of running a tanning salon is not merely illusory or incidental to running the business, but is an integral and significant part of the taxpayers' business, we affirm the district court's decision that the taxpayers are not simply renting the use of the tanning and spa equipment and are subject to the Idaho use tax.

## III.

Because the taxpayers do not fall within the resale exemption, we affirm the decision of the district court. Costs are awarded to the Tax Commission.


Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.