# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 47835

IDAHO STATE TAX COMMISSION, )
)
   Petitioner-Respondent, )
)    **Boise, November 2021 Term**
v. )
)    **Opinion filed: March 1, 2022**
CHRISTOPHER and DEBRA JAMES, )
)    **Melanie Gagnepain, Clerk**
   Respondents-Appellants. )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Custer County. Stevan H. Thompson, District Judge.

The judgment of the district court is <u>affirmed</u>.

Exceed Legal PLLC, Boise, for Appellants. Heidi M. Burgoyne argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Amber K. Kauffman argued.

---

ZAHN, Justice.

Christopher and Debra James ("the Jameses") appeal from the district court's order granting summary judgment in favor of the Idaho State Tax Commission ("Tax Commission"), reversing the decision of the Board of Tax Appeals ("BTA"). The district court affirmed the Tax Commission's notice of deficiency decision, which disallowed a net operating loss carryback because the Jameses missed the deadline to claim the loss. We affirm the district court's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 2013, the Jameses timely filed their 2012 Idaho individual income tax return.[1] On December 8, 2015, the Jameses filed an amended 2012 federal income tax return with the Internal Revenue Service ("IRS"), claiming a refund for a net operating loss ("NOL") of $1,022,341 incurred in 2014.

---

[1] The BTA stated the Jameses filed their initial tax return on April 15, 2013, however the record indicates the Jameses obtained an extension to file the return and that it was filed on October 10, 2013.

On April 11, 2016, the IRS issued a final determination notice to the Jameses, which stated that "[w]e changed your 2012 Form 1040 based on the tentative carryback application or carryback claim you filed." The notice indicated a decrease in federal tax in the amount of $118,749.

On June 3, 2016, the Jameses filed an amended 2012 Idaho tax return, which reported a federal adjusted gross income of $43,072,359.[2] The Jameses sought to "carryback" the entire 2014 NOL which resulted in the adjusted gross income reported on the amended 2012 Idaho tax return being $1,022,341 less than the adjusted gross income reported on the original 2012 Idaho tax return.[3] The Jameses claimed a refund of $53,097 in Idaho tax paid based on the reduction in their adjusted gross income.

On April 11, 2017, the Tax Commission issued a notice of deficiency determination, which disallowed the Jameses' NOL carryback. According to the Tax Commission, under Idaho Code section 63-3022(c)(2), the Jameses had until December 31, 2015, to claim the NOL carryback on their 2012 amended tax return. However, the Tax Commission did not receive the amended tax return until June 3, 2016; therefore, it disallowed the NOL carryback as untimely. The notice advised the Jameses that they could claim the 2014 NOL in future years. The Jameses petitioned the Tax Commission for a redetermination, but the Tax Commission affirmed the notice of deficiency.

The Jameses appealed the Tax Commission's notice to the BTA. The Jameses argued that their amended 2012 return was timely under Idaho Code section 63-3072(d), because that section defines the period of limitations for filing a refund claim after receiving a final determination from the IRS. Under the Jameses' interpretation of Idaho Code section 63-3072(d), the deadline for filing the 2012 amended return was one year from their receipt of the IRS's final federal determination on April 11, 2016. Therefore, the Jameses argued that they timely claimed the NOL carryback because they filed the amended return in June 2016.

The BTA reversed the Tax Commission's decision. The BTA found that it would have been impossible for the Jameses to accurately file an amended 2012 Idaho return without first receiving a final determination from the IRS. The BTA determined that Idaho Code section

---

[2] Although the district court and the parties briefing contend that the Jameses filed their amended return on June 9, 2016, the record indicates that the Tax Commission received the amended return on June 3, 2016.

[3] Idaho law defines a "net operating loss" as the amount by which Idaho taxable income, after making permitted modifications, is less than zero. I.C. § 63-3021.

2

63-3072(d) was "clear in its intent to reopen the period of limitations for instances in which the IRS has issued a final federal determination." The BTA also concluded that the introductory language of that section, which states that "[n]otwithstanding any other provisions of this section," unambiguously indicated the Legislature's intent for subsection (d) to trump all other provisions of section 63-3072 when a taxpayer sought a refund following a final determination by the IRS. The BTA concluded its interpretation was consistent with the express intent of the Legislature, set forth in Idaho Code section 63-3002, to make the provisions of the Idaho Income Tax Act identical to those of the federal internal revenue code relating to the measurement of taxable income. The BTA rejected the application of Idaho Code section 63-3022, explaining that the section only applies to NOL carryback claims which have not been the subject of a final determination by the IRS. Accordingly, the BTA concluded the Jameses' amended 2012 return was timely under section 63-3072(d).

Following the BTA decision, the Tax Commission petitioned for judicial review in district court pursuant to Idaho Code section 63-3812. The district court ultimately granted summary judgment in favor of the Tax Commission, reversed the BTA's decision, and affirmed the Tax Commission's notice of deficiency. The district court found that the periods of limitation in Idaho Code sections 63-3072(e) and 63-3022(c)(2) applied rather than section 63-3072(d) because the Jameses claimed a refund due to an NOL carryback, not due to an adjustment to Idaho taxable income resulting from a final federal determination.

The Jameses timely appealed.

## II.    ISSUES ON APPEAL

1. Whether the district court erred in granting summary judgment in favor of the Tax Commission.
2. Whether either party is entitled to attorney fees and costs on appeal.

## III.    STANDARD OF REVIEW

The Tax Commission, or any other party aggrieved by a decision of the BTA, may appeal the decision to the district court. I.C. § 63-3812. "This Court reviews the district court's decision directly, and utilizes the Tax Commission's administrative determination as merely an articulation of the position of the Tax Commission as a party to the action." *Chandler's-Boise LLC v. Idaho State Tax Comm'n*, 162 Idaho 447, 451, 398 P.3d 180, 184 (2017) (quoting *Gracie, LLC v. Idaho State Tax Comm'n*, 149 Idaho 570, 572, 237 P.3d 1196, 1198 (2010)). In

3

an appeal from an order granting summary judgment, this Court's standard of review is the same standard used by the district court in ruling on the summary judgment motion. *Gracie, LLC*, 149 Idaho at 572, 237 P.3d at 1198. Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

## IV.    ANALYSIS

**A. The district court did not err in granting summary judgment in favor of the Tax Commission.**

1. Idaho Code Section 63-3022(c)(2) identified the timeframe in which the Jameses needed to file their amended return to carryback the 2014 NOL.

The primary issue in this appeal is whether the Jameses timely filed their 2012 amended tax return that sought to carryback the 2014 NOL. With regard to the timeframe to carryback the NOL, both parties agree that the analysis begins with an interpretation of Idaho Code section 63-3072, but the parties differ on which subsection identifies the deadline to request the carryback. The Jameses argue the controlling provision is Idaho Code section 63-3072(d), while the Tax Commission argues that section 63-3072(e) controls.

When interpreting a statute, this Court's objective is to derive "the intent of the legislative body that adopted the act." *Canty v. Idaho State Tax Comm'n*, 138 Idaho 178, 182, 59 P.3d 983, 987 (2002) (internal quotation omitted). "Such analysis begins with the literal language of the enactment. If the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction." *Id.* (internal citations and quotations omitted). A statute is ambiguous when reasonable minds might disagree as to its meaning, but a statute is "not ambiguous merely because an astute mind can devise more than one interpretation of it." *Id.* (quoting *State v. Browning*, 123 Idaho 748, 750, 852 P.2d 500, 502 (Ct. App. 1993)).

Idaho Code section 63-3072 is entitled, "Credits and Refunds." Subsection (e) specifically addresses claims for credit or refund related to an NOL and states that "[c]laims for net operating losses carried back from taxable years commencing after 2012 shall be made pursuant to section 63-3022, Idaho Code." Idaho Code section 63-3022(c)(2) states:

> A net operating loss for any taxable year commencing on or after January 1, 2013, shall be a net operating loss carryback not to exceed a total of one hundred thousand dollars ($100,000) to the two (2) immediately preceding taxable years *only if an amended return carrying the loss back is filed within one (1) year of the end of the taxable year of the net operating loss that results in such carryback.*

4

(Emphasis added.) The NOL occurred in 2014 and that tax year ended on December 31, 2014. The Tax Commission determined these statutes required the Jameses to file their amended 2012 return by December 31, 2015, in order to carryback the 2014 NOL.

The Jameses argue that because they received a final federal determination from the IRS, the controlling statute is Idaho Code section 63-3072(d), which provides:

> Notwithstanding any other provisions of this section, *when Idaho taxable income and/or tax credits for any taxable year have been adjusted as a result of a final federal determination*, the period of limitations for claiming a refund or credit of tax, penalties, or interest shall be reopened and shall not expire until the later of one (1) year from the date of delivery of the final federal determination to the taxpayer by the internal revenue service, three (3) years from the due date of the return, without regard to extensions, or three (3) years from the date the return was filed.

(Emphasis added.) The Jameses acknowledge the one-year limitation period in Idaho Code section 63-3022(c) but argue that section 63-3072(d) tolled that period in their case. They argue that since they complied with the time requirements under section 63-3072(d), they also complied with the requirements under 63-3022(c). The Jameses claim it was impossible under the statutory scheme for them to file an amended Idaho return until they received a final federal determination from the IRS because Idaho Code section 63-3002 requires that their federal taxable income match the Idaho taxable income.

The Tax Commission contends that Idaho Code section 63-3072(d) is inapplicable because the final federal determination did not adjust the Jameses' 2012 Idaho taxable income. The Tax Commission argues that Idaho law treats NOL carrybacks differently than federal law. Therefore, the Jameses' ability to carryback the 2014 NOL to their 2012 Idaho taxable income was determined by Idaho law, not by the final federal determination.

To resolve this dispute, we begin our analysis with Idaho Code section 63-3072(d), which reopens the applicable statute of limitations "when Idaho taxable income and/or tax credits for any taxable year have been adjusted as a result of a final federal determination." The IRS, in its final federal determination notice, permitted the Jameses to carryback the full amount of the 2014 NOL to their 2012 federal taxable income. However, the final federal determination did not adjust the Jameses' 2012 Idaho taxable income.

Whether the Jameses were entitled to carryback the 2014 NOL on their Idaho tax return was controlled by Idaho Code section 63-3022, entitled "Adjustments to Taxable Income." When computing Idaho taxable income, subsection (b) instructs the taxpayers to first add the NOL

5

deduction claimed in the federal return to their Idaho taxable income. Subsection (c)(2) then permits taxpayers to carryback up to $100,000 of an NOL to the two tax years immediately preceding the year of the NOL provided an amended return carrying the loss back is filed within one year of the end of the tax year of the NOL. Nothing in the Idaho Code suggests that a final federal determination eliminates or negates the requirements of section 63-3022(c)(2). Thus, regardless of what the IRS concluded in its final determination of the Jameses' federal taxable income, the Jameses still had to satisfy the requirements of Idaho Code section 63-3022(c)(2) to carryback the 2014 NOL to their 2012 Idaho taxable income. The final federal determination notice did not mention, much less adjust, the Jameses' Idaho taxable income. Therefore, we hold that section 63-3072(d) did not extend the timeframe for the Jameses to file an amended 2012 Idaho tax return to carryback the 2014 NOL.

We further hold that Idaho Code section 63-3072(e), which specifically addresses claims for credit or refund related to an NOL carryback, identified the timeframe in which the Jameses had to file a return to carryback the NOL. Section 63-3072(e) provides that "[c]laims for net operating losses carried back from taxable years commencing after 2012 shall be made pursuant to section 63-3022, Idaho Code." Idaho Code section 63-3022(c)(2) identifies the conditions under which taxpayers may carry back a net operating loss for any taxable year commencing on or after January 1, 2013. One of those conditions is that an amended return carrying the loss back must be filed within one year of the end of the taxable year of the net operating loss. The Jameses had to meet this condition in order to carryback the 2014 NOL.

The Jameses argue that Idaho Code section 63-3022(c)(2) cannot control the filing deadline because Idaho Code section 63-3072(d) indicates a legislative intent to supersede all other parts of the section. Section 63-3072(d) begins with the phrase "[n]otwithstanding any other provisions of this section." The use of the word "notwithstanding" "signals the drafter's intention that the provisions of the 'notwithstanding' section override *conflicting provisions* of any other section." *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) (Emphasis added.) The Jameses maintain that because they received a final federal determination, the timeframe in section 63-3072(d) overrides that of section 63-3072(e).

While the "notwithstanding" language is unambiguous, the Jameses' argument is dependent on the applicability of section 63-3072(d) to their case. However, for the reasons noted previously, section 63-3072(d) is inapplicable to the Jameses' case because the final

6

federal determination did not adjust their Idaho taxable income. As a result, the statute's notwithstanding language is also inapplicable to the Jameses' case. Section 63-3072(e) is the applicable section because it specifically addresses claims for credit or refund relating to an NOL carryback.

Finally, the Jameses argue that section 63-3072(d) tolled the timeframe to file an amended return because they could not file an amended return until they received the final federal determination. The Jameses' argument on this point relies on their interpretation of Idaho Code section 63-3002, which they read to require that their federal taxable income match their Idaho taxable income. According to the Jameses, they could not file an amended Idaho return until they received the final federal determination and knew whether the IRS would allow them to carryback the 2014 NOL. The Jameses, however, misread section 63-3002.

Idaho Code section 63-3002 provides, in pertinent part,

> It is the intent of the legislature by the adoption of this act, insofar as possible to make the provisions of the Idaho act identical to the provisions of the Federal Internal Revenue Code relating to the measurement of taxable income, to the end that the taxable income reported each taxable year by the taxpayer to the internal revenue service shall be the identical sum reported to this state, *subject only to the modifications contained in the Idaho law*; . . .

(Emphasis added.) The section does not require federal and Idaho taxable income to match regardless of the circumstances. Rather, the section specifically allows for modifications to Idaho taxable income contained in Idaho law. Idaho's requirements to carryback an NOL to prior tax years are one such modification contained in Idaho law. Thus, section 63-3002 did not prevent the Jameses from filing their amended Idaho return until after they received the final federal determination.

Idaho Code sections 63-3072(e) and 63-3022(c)(2) required the Jameses to file their amended 2012 Idaho tax return by December 31, 2015, to carryback the 2014 NOL and obtain a refund of the 2012 Idaho tax paid. The Jameses did not file their amended 2012 tax return until June 3, 2016; therefore, their amended return was filed too late to carry back the 2014 NOL on their 2012 Idaho return. We affirm the district court's decision granting summary judgment to the Tax Commission and affirming the Tax Commission's notice of deficiency determination.

2.  <u>The district court did not err in allowing the Tax Commission to present an additional argument concerning why Idaho Code section 63-3072(e) was the controlling statute.</u>

The Jameses argue that the district court erred by allowing the Tax Commission to present new arguments to the district court that were not presented to the BTA "when there was a stipulation on the record to limit arguments to the issue presented" to the BTA. The Jameses claim the Tax Commission's new argument is that the timeframe in Idaho Code section 63-3072(d) is irrelevant because the federal NOL must be added back to the Idaho taxable income and, therefore, the final federal determination did not adjust the Jameses' Idaho taxable income. In support of their contention that this is a new argument, the Jameses rely on the transcript from the scheduling hearing before the district court. At the hearing, the district court asked the parties if they agreed the petition for judicial review would be handled as a trial de novo. Counsel for the Tax Commission stated,

> I do, Your Honor, except (indiscernible) to the issues that were raised . . . before the [] tax appeals. It is de novo but with a limitation there.

None of the statements made at the hearing before the district court indicate a stipulation to limit the arguments on the petition for review and there is no written stipulation to that effect in the record. Additionally, the Tax Commission asserts that the parties never entered a stipulation and "rather, counsel for the Tax Commission clarified the law on appeal." There is nothing in the record supporting the Jameses' contention that the parties agreed to limit the arguments made to the district court.

This Court previously addressed an argument concerning the presentation of new arguments on judicial review in *Canyon County Board of Equalization v. Amalgamated Sugar Co., LLC*, 143 Idaho 58, 137 P.3d 445 (2006). In *Canyon County Board of Equalization*, we held that the district court did not err in allowing the respondents to present different approaches to assessing the values of the company's property, which were not presented to the BTA. *Id.* at 61, 137 P.3d at 448. The company argued that these different approaches to valuation should be considered a new issue and, because they were not presented to the BTA, the district court should not consider them. *Id.* On appeal, this Court explained that the company was complaining of "new or different evidence . . . not new or different issues," presented to the district court on the same issue presented to the BTA. *Id.* Idaho Code section 63-3812 provided no basis to refuse the consideration of new evidence, especially since the method of review is de novo. *Id.*

8

Therefore, this Court held that the district court did not err in allowing the Commission to present evidence on different approaches to valuation. *Id.*

In this case, like *Canyon County Board of Equalization*, the BTA and the district court were presented with the same issue—whether Idaho Code section 63-3072(d) or section 63-3072(e) provided the applicable timeframe for the Jameses to claim the carryback deduction. Before the district court, the Tax Commission simply provided another reason why section 63-3072(e) was the controlling statute. Like *Canyon County Board of Equalization*, the Jameses are suggesting that the Tax Commission presented a different explanation for why the statute did not apply, not an entirely different issue. We conclude that the district court did not err in allowing the Tax Commission to present an additional argument for why Idaho Code section 63-3072(e) was the controlling statute.

3. <u>The Jameses' remaining arguments lack merit or were not preserved on appeal.</u>

The Jameses also argue the district court erred when it failed to give the BTA decision deference under the four-factor test set forth in *J.R. Simplot Co. v. Idaho State Tax Commission*, 120 Idaho 849, 820 P.2d 1206 (1991). The *J.R. Simplot Co.* test allows courts to establish the appropriate level of deference to give to an agency's construction of a statute if the statute is ambiguous. *Canty v. Idaho State Tax Comm'n*, 138 Idaho 178, 183, 59 P.3d 983, 988 (2002). The Jameses, however, fail to acknowledge Idaho Code section 63-3812, which provides that the district court reviews decisions by the BTA de novo. I.C. § 63-3812(c). This Court has determined "de novo to mean a trying of the matter anew—the same as if it had never been heard before." *In re Bd. of Tax Appeals, Appeal No. 16-A-1079*, 165 Idaho 433, 437, 447 P.3d 881, 885 (2019) (internal quotation marks omitted). Thus, Idaho law directs the district court to decide the matter anew without granting deference to the BTA. Therefore, we conclude that the district court did not err when it followed the statutory direction and determined this matter de novo, without deference to the BTA's decision.

The Jameses also argue the district court erred when it afforded deference to the Tax Commission's interpretation of the pertinent statutes. However, the district court's decision did not hinge on affording the Tax Commission's interpretation deference. Instead, the district court determined that the statute was unambiguous, and only conducted a deference analysis if the statute was found to be ambiguous. Because we affirm the district court's decision that the statute was unambiguous, there is no need to engage in a deference analysis. *See J.R. Simplot*

9

*Co.*, 120 Idaho at 861, 820 P.2d at 1218 (explaining that this Court only considers rules of statutory construction if the statutory language is ambiguous).

Finally, the Jameses claim that the failure to give the BTA deference is a "violation of Article II, Section I of the Idaho Constitution's separation of powers." The Jameses, however, do not provide any substantive argument or cite any legal authority in support of their statement. As a result, we will not consider this argument on appeal as it is mentioned only in passing and unsupported by cogent argument or authority. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

**B. Neither party is entitled to attorney fees; however, the Tax Commission is awarded costs on appeal.**

Both parties request attorney fees and costs on appeal. The Jameses request attorney fees and costs under to Idaho Code section 12-117(1), Idaho Code section 12-120, Idaho Code section 12-121, Idaho Appellate Rule 35(a)(5), Idaho Appellate Rule 40, and Idaho Appellate Rule 41. The Tax Commission requests attorney fees and costs pursuant to Idaho Appellate Rule 35, Idaho Appellate Rule 40, Idaho Appellate Rule 41, and Idaho Code section 63-3049(d).

Each of the statutes and rules cited require that the party seeking the award be a prevailing party as a prerequisite for granting fees or costs on appeal. Because we affirm the district court's grant of summary judgment in the Tax Commission's favor, the Jameses are not the prevailing party.

The Tax Commission is the prevailing party, and claims it is entitled to attorney fees and costs on appeal "because the [Jameses'] position was frivolous and groundless." The Tax Commission relies on Idaho Code section 63-3049(d), which provides, in pertinent part,

> Whenever it appears to the court that:
>
> (1) Proceedings before it have been instituted or maintained by a party primarily for delay; or
>
> (2) A party's position in such proceeding is frivolous or groundless; or
>
> (3) A party unreasonably failed to pursue available administrative remedies;
>
> the court, in its discretion, may require the party which did not prevail to pay to the prevailing party costs, expenses and attorney's fees.

The Jameses' position is not frivolous or groundless since the Jameses have supported their arguments with a tenable, although incorrect, reading of section 63-3072(d). The fact that the Jameses prevailed before the BTA also belies the Tax Commission's claim that the Jameses'

10

position was frivolous or groundless. Accordingly, we decline to award attorney fees to the Tax Commission. As the prevailing party, the Tax Commission is entitled to recover its costs on appeal pursuant to Idaho Appellate Rule 40(a).

## V.    CONCLUSION

The district court's decision granting summary judgment in favor of the Tax Commission is affirmed. Idaho Code sections 63-3072(e) and 63-3022(c)(2) required the Jameses to file their amended 2012 Idaho tax return by December 31, 2015, to carryback their 2014 NOL to the 2012 tax year. The Jameses failed to do so. Neither party is awarded attorney fees, but the Tax Commission is awarded its costs on appeal.

Chief Justice BEVAN and Justices BRODY, MOELLER, and STEGNER **CONCUR**.

11